PROVOSTY, J.
This is a suit upon a life insurance policy for $3,000. The insured was a young man of 25, who was thought by himself and by all to be perfectly healthy. Twenty-two days after the issuance of the policy, however, he was found one morning dead in his bed; cause of death unknown, but supposed to have been acute indigestion.
In the application for the policy, made part of the policy, to the question, “What illness, diseases or accidents have you had since childhood?” he had answered, “None”; and to the question, “State every physician whom you have consulted in the past five years?” he had answered, “None.”
As a matter of fact, he had, about a year before, been sick in bed for two or three days with malaria, and had been attended by the family physician. He had, on that occasion, gone through a course of calomel and quinine, and in a few days had apparently recovered completely and been as well as ever.
[1-3] The policy contains the following clause:
“This policy and the application therefor, a copy of which is indorsed hereon or attached hereto, constitute the entire contract between the parties hereto. All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement of the insured shall avoid or he used in defense to a claim under this policy unless contained in the written application therefor, copy of which is indorsed hereon or attached hereto.”
Act No. 52, p. 86, of 1906, provides:
“That every policy of insurance issued or delivered within the state on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the state shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this section shall be void.”
The contention of the defense is that the failure of the assured to give the information called for by the said direct inquiries was such a misrepresentation as avoids the policy.
The difference between statements deemed warranties and statements deemed representations, is that in the one case the statement, if false, vitiates the policy, whether material or not; whereas, in the other case, it does not, unless material. 16 A. & E. E. of L. 922. The present case resolves itself, therefore, into the question whether the said answers of the assured were material.
A statement, to be material, “must have been an inducement to the contract,” 9 Oyc. 425, or in the language of our Code (article 1847), describing error induced by fraud, it “must be on a material part of the contract, that is to say, such part as may reasonably be presumed to have influenced the party making it.” The proper inquiry, as said by this court in Lopez v. McAdam, 7 La. Ann. 58, is whether the party would have contracted “if he had known the true state of the case.”
“A representation is material when knowledge of the truth as to the fact misstated might reasonably influence the company in determining whether or not to entér into the contract as made.” 25 Oyc. 806.
Now, it is hardly to be supposed that the defendant company would have refused to accept a risk upon the life of this healthy young man because of his having had a passing attack of malaria such as this some 12 months back. If policies were refused for causes affecting the general health of a person so little as this, the companies would soon have to shut up shop.
*101 The ease of Brignac v. Pacific Life Ins. Co., 112 La. 574, 36 South. 595, 66 L. R. A. 322, relied upon by defendant, was decided before the adoption of said Act No. 52 of 1906.
[4] By express agreement contained in the application for the policy, made part of the policy, the answers to the inquiries contained in said application are made “inducements to issue the proposed policy.”
The learned counsel for defendant contend that, notwithstanding the provision of said statute making void any and all agreements by which statements of the applicant for insurance may be sought to be made warranties, parties may agree that such statements shall be deemed material, regardless of whether so in point of fact. If this contention were well founded, all that would be required to convert said statute into an absolute dead letter would be to insert in the policy an agreement of that kind, for then a representation would have exactly the same effect as a warranty; its falsity would vitiate the policy irrespective of materiality. That is to say, it would be a warranty. See 25 Cyc. 807.
Judgment affirmed.