### No. 9995.

### Orleans Appeal.

### MARY KILBOURNE v. LIFE & CASUALTY INSURANCE CO. OF TENNESSEE, Appellant.

(May 11, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Insurance—Par. 80.**
Where the defense to a suit brought within one year from date of a life insurance policy, is that the policy has been forfeited, except as to right of recovering premiums paid thereon, because the assured "had, before the date of the policy, disease of the heart", a plea of estoppel urged by plaintiff as beneficiary, is well founded and properly maintained, when it is shown that no misrepresentations were made by assured, and that he was not even required by defendant's authorized agent to make out or sign any application for the insurance covered by the policy; nor was he required to submit to medical examination. (Act 97 of 1908.)

2. **Louisiana Digest—Appeal—Par. 512.**
Where an appeal is plainly taken only for delays, motion for damages for frivolous appeal will be allowed.

Appeal from the First City Court of New Orleans, Sec. "A", Hon. W. Alexander Bahns, Judge.

This is a suit on a life insurance policy. Judgment for plaintiff. Defendant appealed.

Judgment affirmed, with damages for frivolous appeal.

John J. Reilly, attorney for plaintiff and appellee.

Frederick E. Querens, attorney for defendant and appellant.

BELL, J. The plaintiff, as named beneficiary under Policy No. U-3844262, issued August 27, 1923, by the Life and Casualty Insurance Company of Tennessee, upon the life of plaintiff's brother, Albert Johnson, sues the defendant company, alleging that Johnson, the assured, died in Bogalusa on the 3rd day of May, 1924; that under the terms of the policy, she, as beneficiary, is entitled to recover the sum of $200.00, for which amount she has made amicable demand, after filing with defendant notice and proof of the assured's death; that defendant has refused her claim on the ground that the assured was, at the date of the policy, afflicted with heart disease. Denying that the assured died under such conditions, plaintiff alleges and pleads that the defendant is estopped from pleading forfeiture on such grounds, because of its action and conduct in issuing the policy, which plaintiff has annexed to and made part of the petition.

Defendant answers by admitting issuance of the policy sued upon and that all premiums due thereon up to date of assured's death have been paid. It denies, however, any liability under the policy by alleging that the assured signed a written application, in which certain declarations were made, the reliance upon which caused defendant to issue the policy; that when said application was signed and delivered to defendant, the assured was then afflicted

with a chronic disease affecting the heart, and that of this fact the assured had full knowledge before applying for insurance, and that he fraudulently withheld such knowledge from the defendant; that defendant learned about this fact, and that it had been thus deceived and defrauded only after the death of the assured. Admitting its liability for paid premiums, for which it offers restitution to plaintiff, defendant prays for judgment cancelling the policy and dismissing it from all other liability thereunder.

The evidence shows that the beneficiary under the policy, who is plaintiff in this suit, and who resides in New Orleans, was induced by defendant's authorized solicitor and agent to take out the policy on the life of her brother, then living or working in Bogalusa, Louisiana. Plaintiff swears that no written application for this insurance, nor any statement, verbal or written, was ever required of either the plaintiff or the assured as to the condition of the latter's health, and that on the simple payment of fifty cents by plaintiff to the agent, the policy was issued. Defendant has failed to produce the written application referred to in its answer as having been signed and delivered to it by the assured. It also failed at the trial to produce the agent who wrote the policy, and only offered to do this when applying for a new trial, which was properly refused, after judgment was pronounced against it. Due proof of death was shown to have been filed by plaintiff and received by defendant. No competent evidence has been offered by defendant to establish its reasons for refusing payment of the claim or that the assured did in fact die of heart disease, or that he was suffering from such disease before or at the date of issuing the policy.

A clause in the policy provides, in part, as follows:

"LIMITATION OF INSURANCE: Within one year from date of issuance of this policy, the liability of the company under same shall be limited under the following conditions to the return of the premium paid thereon; * * * (2) If the insured, before its date, has been rejected for insurance by this or any other Company, Order or Association, or has been attended by a physician for any serious disease or complaint, or has had before its date any pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver or kidneys."

We are of the opinion that even had evidence been offered to establish facts justifying forfeiture of the policy under the provisions of the clause just quoted, defendant would be estopped from pleading such forfeiture, because of its unqualified assumption of the risk, as shown by its contract, without requiring any information, medical or otherwise, which it could have reasonably obtained in respect to the health, habits, etc., of the assured.

We conclude that Act 97 of 1908 justifies the plea of estoppel here urged and has full application to the facts and conditions arising in the instant case. The Act in question provides that under certain conditions, all life, health and accident insurance companies which issue policies or contracts of insurance to the insured without medical examination by a physician, shall waive their rights to claim forfeiture for misrepresentation.

Appellee has answered the appeal, alleging that same is frivolous and has been taken only for delays.

While examination of defendant's pleadings in this case, might justify the belief that a serious defense has been offered to plaintiff's suit, the trial of this case, in respect to the defense there presented, and as shown by the record, leads us to a contrary conclusion. We are forced to believe that the appeal has been taken in this case solely for delays and is, therefore, frivolous, and we accordingly grant to appellee the

motion made in this court for ten per cent damages on $200.00, the value of the amount in dispute, or the sum of $20.00.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed at defendant's costs in both courts.

It is further ordered that there be judgment in favor of plaintiff against the defendant in the further sum of Twenty Dollars ($20.00), as damages for frivolous appeal.