## No. ——
### First Circuit

## JIM VAUGHN v. METROPOLITAN LIFE INSURANCE COMPANY

(November 10, 1925, Opinion and Decree)
(January 28, 1926, Rehearing Refused)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Insurance—Par. 80.**
A statement by an applicant for life insurance, that he had not consulted a physician when he had done so, and had reason to believe that he had tuberculosis, must be regarded under Act 52 of 1906 amended by Act 227 of 1916, not as a representation but as a a breach of warranty and a fraud upon the insurance company.

Appeal from the Nineteenth Judicial District, Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

This is a suit against an insurance company to compel payment on a life insurance policy. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Taylor, Porter and Joseph A. Loret, of Baton Rouge, attorneys for plaintiff, appellant.

Spencer, Gidiere, Phelps and Dunbar, of New Orleans and H. Payne Breazeale, of Baton Rouge, attorneys for defendant, appellee.

ELLIOTT, J. The Metropolitan Life Insurance Company issued a policy for $1000.00 on the life of James Vaughn, making Jim Vaughn, father of James Vaughn, the sole beneficiary. In his application for the policy James Vaughn stated that he had never suffered from any ailment or disease of the lungs and that he had not consulted any physician or been treated by one within the last 5 years. The application contains a declaration that his answers are full, true and complete, and that there are no exceptions to any such answers other than as stated; and further recites "It is understood and agreed that the foregoing statements and answers are correct and wholly true, and together with the answers and questions on part B hereof, they shall form the basis on the contract of insurance, if one be issued."

The payment of the policy was resisted and plaintiff brought suit.

The defendant, for answer, contends that insured's answers were false and fraudulent and that he knew them to be false and fraudulent at the time, and made them for the purpose of deceiving defendant into issuing the policy; that defendant would not have issued the policy had his answers disclosed the true facts; that insured was suffering with tuberculosis at the time, etc.

The District Judge rejected plaintiff's demand and he has appealed.

The question is: Were the answers and statements of James Vaughn in applying for the policy, so material that same must be held to have been fraudulent and defendant thereby deceived into issuing the policy, which it would not have done had full and truthful disclosures been made in response to the question asked.

It is established that on or about May 16, 1924, James Vaughn, a negro boy about 19 years old, accompanied by either his father or mother applied to Dr. Paulsen for treatment; stating that he "had had lagrippe, with a little fever and had not recovered from it probably". Dr. Paulsen, suspecting tuberculosis, asked him to send him for examination a specimen of his sputum. The sputum was sent to Dr. Paulsen's office on May 20, 1924, and the examination disclosed tubercuolsis.

The doctor did not report the result to James Vaughn; but within about two weeks, it may have been a shorter time, he saw the plaintiff, Jim Vaughn, and told him what he had found.

The insurance was applied for on May 27, 1924. The policy bears date June 3, 1924, and James Vaughn died of tuberculosis on September 9, 1924.

On the same day that James Vaughn applied for the insurance he was examined by another physician in behalf of defendant company. This physician did not examine the sputum but found no evidence of tuberculosis, and that the general appearance of James Vaughn was healthy. That he was a first-class subject for insurance.

Fraud and untruthful answers are not to be lightly supposed. In this case the presumption of truth and good faith is supported by the report of the physician who examined James Vaughn for defendant. But against the presumption appears the certain fact that James Vaughn, accompanied by either his father or mother, consulted Dr. Paulsen about his health on May 16, 1924, and that he was seriously unwell then and had been for some time.

Dr. Paulsen's request for a specimen of his sputum was complied with on May 20, consequently the answer of James Vaughn on May 27, that he had not consulted a physician, was not true.

The plaintiff contends that his statement that he had not consulted a physician must be regarded as a representation

under the law Act 52 of 1906 (Amd. 1916, No. 227, p. 492) and not as a warranty.

That James Vaughn, like the insured in Cole vs. Mutual Life Insurance Company, 129 La. 704, 56 South. 645, believed that he suffered only a temporary ailment which did not threaten his life.

We think that the answer af James Vaughn that he had not consulted Dr. Paulsen on May 16, 1924, and that a speciment of his sputum had been requested for examination, concealed from the insurance company an important fact; and it is our opinion, if he had made the fact known on the 27th of May in applying for the insurance, the policy in question would not have been issued. James Vaughn in our opinion, was seriously unwell at the time he, accompanied by his father or mother, called on Dr. Paulsen, and had been for some time.

The evidence does not positively show that the result of Dr. Paulsen's examination was known to James Vaughn at the time he applied for the insurance; but we are satisfied from the facts and circumstances in the case that he must have been aware and was aware that he had tuberculosis at the time he applied for the insurance; therefore his answers amounted to a fraud on the defendant within the sense and meaning of the law Act 52 of 1906, (Amd. 1916, No. 227), and as defined by the Supreme Court in Goff vs. Mutual Life Insurance Co., 131 La. 98, 59 South. 28.

We believe the judgment appealed from is correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed and that the plaintiff and appellant pay the cost of both courts.