No. ——

First Circuit

——

LANGSTON v. U. S. NATIONAL LIFE & CASUALTY COMPANY

——

(June 5, 1926. Opinion and Decree.)

——

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Insurance—Par. 20.**

An insurance policy under Act 227 of 1916 forms the entire contract between the parties.

2. **Louisiana Digest—Insurance—Par. 80, 177.**

Under the provisions of Act 97 of 1908, even if an insurance policy was issued without any medical examination the insurer cannot claim forfeiture of the policy for misrepresentation.

3. **Louisiana Digest—Constitutions and Constitutional Law—Par. 72, 95; Laws, Par. 28, 37.**

Act No. 310 of 1910 is not unconstitutional because it does not impair the obligation of contracts and its title clearly mentions the purpose of the act to provide a penalty for the violation of its provisions.

Appeal from the Parish of Vernon. Hon. Hal. A. Burgess, Judge.

Action by Arthur D. Langston against U. S. National Life & Casualty Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

S. I. Foster, of Leesville, attorney for plaintiff, appellee.

Boone & Boone, of Many, attorneys for defendant, appellant.

LECHE, J.  Plaintiff sues for indemnity or loss of time by sickness, under the terms of a policy issued in his favor on August 25, 1924, by defendant casualty Company. The District Court rendered judgment in his favor for three hundred and eighteen and 10-100 dollars indemnity, three hundred and eighteen and 10-100 dollars penalty under Act 310, p. 527, of 1910, and for the further sum of seventy-five dollars, as attorney's fees.  From that judgment defendant has appealed.

The defense to plaintiff's demand is substantially that he made false statements in his application for the policy, that the injury complained of, if any, does not come within the provisions of the policy, that the infirmity from which such injury resulted, if any, was contracted and begun before the issuance of the policy and is not covered by its provisions, and finally that the Act 310 of 1910 is unconstitutional as violative of Article I, Section 10, of the Constitution of the United States because it impairs the obligation of contracts, and is violative of Article III, Section 16, of the Constitution of Louisiana, because its body is broader than its title.

We were not assisted on the hearing of this case by argument, either oral or written, on the part of defendant.  After the case had been argued and submitted by plaintiff at Lake Charles, where it was returnable, on the 17th of March, 1926, defendant filed a motion at the domicile of this court, in Baton Rouge, on April 1, 1926, asking that the case be ordered

reassigned for argument at such time and place as the court would find convenient. In this motion counsel pleaded in extenuation of their failure to appear that they were very busy with other matters in other courts, and also that they were not familiar with the rules of this court and were under the impression that they would be notified of the fixing of the case. The members of this court knowing of no law or rule of procedure which would justify them in replacing the case on the docket, and ordering it reassigned for argument, regretfully refused to grant the prayer of the motion.

A careful scrutiny of all the evidence in the case seems to confirm the findings of the trial judge. Plaintiff first felt troubled with varicose veins the latter part of December, 1924, or the first part of January, 1925, when he consulted Dr. King Rand. On the 16th of January, 1925, he was suddenly attacked with acute appendicitis and operated upon the same day, and a few days later he was operated upon for the varicose veins. The defense is that these two afflictions were in existence before August 25, 1924. While plaintiff may have had a predisposition to appendicitis and may have had slight suffering from same, it is unquestionable that he did not know that his appendix was unsound or had caused his previous suffering until the surgeon who operated on him on January 16, 1925, so informed him. Plaintiff also knew when he applied for the policy in suit that he had varicose veins. He so declared verbally to the agent of defendant who solicited the insurance. He did not suspect at the time that this would ever cause him any great inconvenience, and from the opinion of Dr. Rand these veins might exist for years in that condition without causing any trouble.

1. The application of plaintiff for insurance is on the back of the policy and the policy itself, under Act 227, p. 492, of 1916, forms the entire contract. That application does not require any specific information as to either of the two physical ailments from which the plaintiff has suffered and the policy was issued without any medical examination. According to the provisions of Act 97, p. 139, of 1908, the defendant cannot claim forfeiture of the policy for misrepresentation. As a matter of fact, it is also shown by his testimony that plaintiff who, we assume from his status as a minister of the gospel, is an honorable and truthful man, was sincere and candid and made no false statements in that application. See Cunningham vs. Penn Mutual Life Ins. Co., 152 La. 1024, 95 South. 110; Goff vs. Mutual Life Ins. Co., 131 La. 99, 59 South. 28; Cole vs. Mutual Life Ins. Co., 129 La. 705, 56 South. 645.

2. Plaintiff's right to claim indemnity is clearly recognized in the contract under Paragraph H.

3. The defense of unconstitutionality of the Act of 1910, No. 310, p. 527, is not, in our opinion, well founded. We do not see how it impairs the obligation under the contract in this case, and its title clearly mentions the fact that one of the purposes of the Act is to provide a penalty for violation of its provisions. The penalty is severe, but that is a matter within the discretion of the lawmaker and with which courts will not interfere except where there is great abuse of that discretion.

We believe the judgment appealed from should be affirmed, and it is so ordered.