## JAMES v. COMMUNITY · BURIAL SERV-ICE CORP., Appellant

(March 14, 1927. Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Insurance—Par. 106.**
Where a life insurance company, having knowledge of facts giving it a contractual right to avoid liability as insurer, accepts a premium or assessment, it thereby waives the right to forfeiture.

Appeal from Section "A", First City Court. Hon. W. Alexander Bahns, Judge.

Action by Mrs. Hester James against Community Burial Service Corporation.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Norman & Schwartz, of New Orleans, attorneys for plaintiff, appellee.

Van Buren Harris, of New Orleans, attorney for defendant, appellant.

JONES, J. This is a suit upon a burial insurance policy for two hundred and twenty-five ($225.00) dollars, consisting of two items, as follows:

Funeral benefit ................ $175.00
Death benefit ................... 50.00

Defendant answered, denying liability, because the conditions of the policy had not been complied with.

It is admitted by both parties that the only question before the court is whether the fact that the decedent died and was buried out of the parish of Orleans invalidates the policy, which contains the following provision:

"Should death of the insured occur outside the city of New Orleans, La., this company will not be responsible for any expenses incurred."

We agree with the lower judge in thinking that the above section of the policy was waived because the record contains the application card of the deceased for his policy, and this shows plainly that the agent wrote his address as Plaquemines Parish and the company made a notation thereon in typewriting of his address as Plaquemines Parish. On this point see Gitz Sash Factory vs. Union Insurance Co., Soc. of Canton, 160 La. 381, 107 South. 232, where the Supreme Court held acts of officers and agents of insurance company within apparent scope of their powers are binding on the company, and it may be estopped by their conduct and declaration.

Also Lawrence vs. Penn. Mutual Life Insurance Co., 113 La. 87, 36 South. 898:

"Where a life insurance company has knowledge of facts giving it a contractual right to avoid liability as insurer, under a policy duly issued, accepts a premium or assessment, it thereby waives the right to forfeitgure."

For above reasons the judgment is affirmed.