SILVER v. NATIONAL LIFE AND ACCIDENT INS. CO., Appellant

---

(March 21, 1927. Opinion and Decree.)
(March 28, 1927. Rehearing Refused.)
(May 23, 1927. Writs of Certiorari and Review Denied in Supreme Court.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Insurance—Par. 30, 101, 102.**

Conditions in a policy of insurance may be waived by the company, as well as representations and warranties.

**2. Louisiana Digest—Insurance—Par. 104, 105, 175.**

Under Act 97 of 1908 the failure of a life, health or accident insurance company to have made a medical examination of the assured before issuing the policy raises a presumption of waiver of all questions of health, habits or occupation of the assured and precludes it from defending upon those issues.

**3. Louisiana Digest—Insurance—Par. 160; Attorneys—Par. 59.**

Section 3 of Act 300 of 1910, p. 527, does not authorize penalties or attorney's fees when the insurance company defends upon just and reasonable grounds.

Appeal from First City Court.   Hon. W. V. Seeber, Judge.

Action by Louis F. Silver, wife and child, against National Life Accident Insurance Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Martin Kranz, of New Orleans, attorney for plaintiff, appellee.

Soloman S. Goldman, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.  This is a suit upon a beneficial insurance policy.

The plaintiff alleged that on November 9, 1925, the defendant company insured the life of her mother, Pearline Kolmor, for $108.00 in favor of plaintiff as beneficiary; that on, February 27, 1926, the assured died; but that the defendant company refused to pay the policy; that by reason of such refusal plaintiff is entitled to double the amount of the policy and also to an amount for attorney's fees to be fixed by the court.

The defendant admitted the issuance of the policy, the death of the assured, and the payment of all premiums, but denied all liability for the following reasons:

1st. That the policy was issued upon the specific condition contained in the policy itself as follows:

"No obligation is assumed by the company prior to the date thereof, nor unless on said date the insured is alive and in sound health. Should the proposed insured not be alive or not be in sound health on the date hereof, any amount paid to the company as premiums herein shall be returned."

2nd. That there is no law which makes it responsible for penalties or attorney's fees under the circumstances of this case.

Further answering, the defendant averred "that it has learned since the death of insured that she was not in sound health on the date the said policy was issued and that prior thereto respondent was not aware of that fact; but that the beneficiary and the insured were aware at the time the said policy was issued and the application therefor signed by her that she was not in sound health, but on the contrary had for some time prior thereto been seriously ill and her health severely impaired; that the disease with which insured was suffering at the date of the policy was the same disease which ultimately caused her death. Respondent avers that the said policy, therefore, never took effect nor went into force and was at all times null and void, and your respondent has offered to return to the beneficiary the amount of premiums paid on said policy, namely $3.40, and continues to offer the return of said sum".

There was judgment for plaintiff for the amount of the policy, $108.00.

The defendant has appealed, and in this court the plaintiff and appellee prays for

an increase of the judgment to the amount claimed by her in penalty and attorney's fees.

Over the objection of the plaintiff there was testimony admitted in support of the answer that on the date of the issuance of the policy and for over one year prior thereto, the assured was not in sound health, but, on the contrary, had been suffering from chronic heart trouble and high blood pressure, and was in imminent danger of death to the knowledge of the assured, but knowledge of that condition was not brought home to the beneficiary.

It does appear, however, from the testimony that the policy was issued "without a medical examination of the assured by a physician". It also appears that the insurance company had an opportunity to ascertain the true condition of the health, habits and occupation of the assured.

Under the view we have taken of this case, we are of the opinion that, under the law and the jurisprudence of this state, the diseased condition of the assured on the day the policy was issued is not a good defense to the payment of the policy, and, consequently, all testimony in support of that defense should have been excluded and the objection to its admissibility should have been sustained.

Act 97 of 1908, p. 139, reads as follows:

"That whenever life, health or accident insurance companies, which issue policies or contracts of insurance to the assured without a medical examination of the assured by a physician, it shall be presumed (whenever it appears that the agent of the company has had an opportunity to ascertain the true condition of the health, habits or occupation, of the assured, and has certified to the company the desirability of the risk) that the knowledge acquired, or which might have been acquired with reasonable diligence by the agent of the company in securing the application, as

to the health, habits or occupation of the assured has been disclosed to the principal, and it shall also be presumed that the company has waived its rights to claim a forfeiture of the policy based on the ground that the assured did not make true and full answers in the application as to the health, habits or occupation whenever it shall appear that the agent of the company knew, or might have ascertained with reasonable diligence, the true condition of the applicant's health, or the real facts as to his habits or occupation, knowledge of the agent of the company in writing the application, or of the collector of the company in collecting the premiums from the assured, shall be imputed as notice to the company as to the health, habits or occupation of the assured."

In the case of Brown vs. Continental Casualty Co., 161 La. 229, 108 South. 464, the defense was that in the assured's application for the insurance he had made a false statement with regard to a material fact when he said that he had not had, and was not suffering from, any chronic or periodic physical ailment or disease.

The policy in that case was issued without a medical examination. Applying the Act of 1908 to this case, the court said on page 465:

"It must be presumed that the company waived its right to claim a forfeiture of the policy on the ground that the insured did not make true and full answers in his application, as to his health, in that respect." Langston vs. U. S. Natl. Life & Casualty Co., 4 La. App. 474; Kilbourne vs. Life & Casualty Ins. Co., 2 La. App. 275. See also Gunther vs. N. O. Cotton Exch. Natl. Aid Assn., 40 La. 776, 5 South. 65.

But the plaintiff contends that the clause upon which it relies to relieve itself from liability is not a mere representation or warranty as in the case of Brown, just quoted, but is a part of the contract itself upon which the validity of the policy itself rests. We agree with it. But the authori-

ties are that similar clauses in a contract may be waived as well as representations or warranties. Thus where a fire policy contains the condition that "no insurance shall be considered binding until the actual payment of the premium", it has been held that the issuance of the policy without payment of the premium is a waiver of the clause. Pino vs. Ins. Co., 19 La. Ann. 214 (232). Also Mercantile Co. vs. Teutonia Ins. Co. of N. O., 113 La. 1054, 37 South. 967; Story vs. Hope Ins. Co., 37 La. Ann. 254.

We do not see what greater sanctity exists in conditions of the contract over stipulations and warranties. If the company can waive the latter we see no good reason why it cannot waive the former.

If the argument of the defendant prevailed it would lie in the power of insurance companies to nullify the Act of 1918 by inserting in the body of the policy, as the defendants have done here, all those conditions which by the act are considered waived by the failure of the defendant to make a medical examination of the assured, and thus destroy the spirit of the law by adhering to its letter.

The authorities from other states quoted by defendant are interpretations of policies different from the one under consideration and of laws not similar in language to our own. 154 N. E. 757; 74 N. E. 945; 56 N. E. 908; 22 Pa. Super. Ct. 244.

While they are entitled to much consideration, we must be guided by our own Supreme Court.

2nd. It is not necessary to decide whether Act 310 of 1910, p. 527, applies to this case or not. Whether it does or not we do not think that Section 3 of the Act entitles plaintiff to the penalty and attorney's fees claimed by her. The section reads:

"That the insurance company guilty of such delay in payment, unless upon just and reasonable grounds, shall pay to the assured, as a penalty, double the amount due under the terms of the policy or contract, during the period of delay, with attorney's fees to be determined by the tribunal before whom suit is instituted."

We do not think that the defense in this case was without "just and reasonable grounds". Penalties are not favored. Kelly vs. National Co., 9 Orl. App. 193 (196).