PIERCE v. LIBERTY INDUSTRIAL LIFE INSURANCE CO.

---

(January 20th, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Insurance—Par. 80, 104.**

Under Act 97 of 1908, the failure of a life insurance company to make medical examination of insured before issuing policy raises presumption of waiver of all questions of health and precludes such a defense.

Appeal from First City Court, Division "C". Hon. Wm. V. Seeber, Judge.

Action by Mrs. Albertine Pierce, widow of James Hall, against Liberty Industrial Life Insurance Co., Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Norman, Breckwoldt & Schwartz, of New Orleans, attorneys for plaintiff, appellee.

Guion, Upton, Ogden, of New Orleans, attorneys for defendant, appellant.

JONES, J. This suit was brought by the surviving widow, beneficiary under an insurance policy on the life of James Hall. The defense is that the deceased fraudulently concealed the fact that he was suffering with syphilis at the time policy was issued and there was no contract.

The policy, which forms part of the record, bears date March 8th, 1926, and it was agreed between counsel as follows:

(1) There was no medical examination of the insured prior to the issuance of the policy.

(2) That the agent of defendant collected premiums on said policy.

(3) That the proof of death showed cerebral spinal syphilis as cause.

(4) That if any amount is due under the terms of the policy, all that could be recovered would be the sum of one hundred thirty-six and 50-100 ($136.50) dollars.

Counsel for defendant placed upon the stand Dr. R. L. Gordon, a genito-urinary specialist, who, after admitting that he had never seen deceased, testified over the objection of plaintiff's attorney that syphilis constitutes what is known in the medical profession as a venereal disease and that it would be a medical rarity for a man to contract syphilis and die from a condition known as spinal cerebral syphilis within a period of six months, as not one case in 500,000 died in so short a time; death due to this cause usually takes from five to forty years.

The proof of death shows that the insured died on September 22, 1926, about six months after the issuance of said policy.

Article 6 of the General Provisions of said policy provides as follows:

"This policy shall also be void if assigned, or if the Insured, before its date, has been rejected for insurance by this or any other company, or before said date has been attended by a physician or has suffered from any scrofula or tubercular disease or consumption, or chronic bronchitis or cancer or epilepsy or any disease of the brain or heart or the liver or the kidneys, or of any venereal disease * * *."

Under the terms of above article, defendant contends that the policy was null and void.

Counsel for plaintiff argues that under the terms of Act 97 of 1908, defendant is estopped from setting up any defense as to the condition of the insured at the time of the issuance of the policy for the reason that no medical examination was made of the insured.

Defendant attempts to answer this argument by saying that the act relied on applies only to answers of insured to questions contained in the application for insurance, but has no bearing on stipulation contained in the policy.

Unfortunately defendant's contention has been decided adversely to him in the very recent case of Silver vs. National Life & Accident Insurance Co., 6 La. App. 95, where the facts were strongly analogous to the present.

In that case, after mature consideration of defendant's present argument, this court held that the failure of the Life Insurance Company to require a medical examination before issuing policy and accepting premiums precludes defense of then existent illness. Later the Supreme Court refused a writ.

For above reasons the judgment is affirmed.