## No. 11,399
## Orleans

### POLITE v. NATIONAL ACCIDENT & LIFE INS. CO. OF TENN.

(June 18, 1928. Opinion and Decree.)
(July 2, 1928. Rehearing Refused.)
(October 3, 1928. Writ of Certiorari and Review denied by Supreme Court.)

James J. Landry, of New Orleans, attorney for plaintiff, appellee.

S. Goldman, of New Orleans, attorney for defendant, appellant.

JONES, J. Plaintiff, beneficiary in a policy of life insurance, sues defendant for the proceeds thereof amounting to the sum of two hundred forty dollars, suit followed.

Defendant answered admitting the issuance of policy sued upon, amicable demand and death of insured, but alleging that they were not liable thereunder because:

"No valid contract of insurance ever existed under the terms of the policy issued to said Adeline Polite (deceased), the assured under the policy was not in sound health, but on the contrary was then seriously ill and her health severely impaired and she was then suffering from the disease which caused her death."

There was judgment for plaintiff and defendant has appealed.

On the trial of the case, defendant sought to introduce evidence to show that plaintiff was not in sound health, when policy was issued. Plaintiff objected on the ground that defendant had waived such defense by issuing the policy without medical examination and was, therefore, legally estopped to raise that issue. Objection was maintained.

The ruling of the trial Judge was correct.

See Silver vs. National Life and Accident Insurance Company, 6 La. App. 95, where the identical question was decided.

See also Mrs. James vs. Community Burial Service, No. 10,752, Court of Appeal (Orleans).

The judgment is, therefore, affirmed.