O’NIELL, C. J.
 

 This is a suit on a policy of insurance for $3,000 on the life of the plaintiff’s husband. She is the beneficiary under the policy. The company defended the suit on the ground that, the policy having lapsed for nonpayment of a premium, the insured obtained a reinstatement without a medical examination, on the false and fraudulent statement that he had not had any illness or disease, and had not consulted a physician since the date of the policy, when in fact he was suffering with angina pectoris, had consulted a physician, and died of the disease, less than eight months after the policy was reinstated. The district court gave judgment for the plaintiffl The defendant has appealed.
 

 In the application for reinstatement of the policy, the following question was asked, to which the insured answered, “None,” viz.:
 

 “State each illness, disease, injury, or surgical operation had by the insured during the past five years, or since the date of the policy, if less than, five years in force, and the name and address of each physician or practitioner consulted?”
 

 As the policy was two years and- a few days old, and was therefore incontestible for any cause, when it lapsed, the inquiry as to whether the insured had any illness or disease or had consulted a physician was confined to the period between the date of the policy and the date of the application for reinstatement. He did consult his family physician during that period concerning an ailment which both the insured and the physician thought was indigestion, but which
 
 *956
 
 may have been, ancl very likely was, the ailment of the heart called angina pectoris, which caused the death of the insured. The evidence leaves no doubt in our mind that there was no fraud or willful misrepresentation in the statement of the insured that he had not had. any illness or disease and had not consulted a physician since the date of the policy. The insured was a mechanic. He and the physician were very intimate friends. The physician consulted the insured about automobile troubles, and the insured consulted the physician about the supposed stomach trouble. And it is quite likely that the insured did not regard the consultations on the subject of his indigestion as serious, professional consultations. The physician so testified, and we believe the testimony.
 

 Answers to questions propounded in an application for reinstatement of a life insurance policy, as to the condition of health of the insured and consultation of physicians subsequent to the date of the policy, are, in the absence of fraud, deemed representations and not warranties. Act No. 227 of 1916, p. 492, amending and re-enacting Act No. 52 of 1906, p. 86. A false statement in that respect will not vitiate a policy, unless the false statement is fraudulent or material. Cole v. Mutual Life Iusurance Co., 129 La. 704, 56 So. 645, Ann. Cas. 1913B, 748; Goff v. Mutual Life Insurance Co., 131 La. 98, 59 So. 28; Cunningham v. Penn Mutual Life Insurance Co., 152 La. 1023, 95 So. 110. The doctrine stated in Cole v. Mutual Life Insurance Co. is particularly applicable here, viz.:
 

 “Statement by an applicant for reinstatement of life insurance that his health has remained good and unimpaired since his examination under the original application did not amount to a warranty, but was a mere representation, needing to be true only to his best knowledge and belief.
 

 “That applicant for reinstatement of life insurance had been treated by a physician for what was regarded as a common temporary inflammation of the throat did not constitute ‘consultation’ of a physician within a statement in the application that he had not consulted a physician since a certain time, though it subsequently appeared that applicant had tubercular' laryngitis.”
 

 Counsel for the plaintiff invoked on the trial of this ease, and they invoke here, the Act No. 227 of 1916, which declares that every life insurance policy issued or delivered in Louisiana shall contain the entire contract between the parties; that nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application, or other writing, unless the same be indorsed upon, or attached to, the policy when issued; that all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties; that no statement or 'statements not indorsed upon or attached to the policy when issued shall be used in defense of a claim under the policy; and that any waiver of the provisions of the statute shdll be void. The statements made by the insured, in this case, in his application for reinstatement of the policy, were not attached to the policy. Hence it is contended that evidence was not admissible for the purpose of showing that the statements were false. In Fisette v. Mutual Life Insurance Co., 162 La. 620, 110 So. 880, it was held that the statute was applicable to-statements made in an application to “establish” or “place in force” a policy on which the first premium' was not paid within the time prescribed, as well as to statements made in the original application for insurance. The view which we have taken of the merits of this case makes it unnecessary to decide whether the act of 1916 is applicable
 
 *958
 
 to statements made in an application to reinstate a policy which has lapsed for nonpayment of a premium. ■
 

 The judgment is affirmed.
 

 THOMPSON, J., recused.