WILLIAMS v. UNITY INDUSTRIAL LIFE INS. CO., INC.

(October 20, 1930.  Opinion and Decree.)
(November 17, 1930.  Rehearing Refused.)

Normann, McMahon & Breckwoldt, of New Orleans, attorneys for plaintiff, appellee.

Loys Charbonnet, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. . The plaintiff, as beneficiary, sues the defendant, an industrial life insurance company, to recover the sum of $300, the face value of a life insurance policy upon which this suit is brought. The defendant pleaded fraud, alleging:

"That plaintiff knowing that the insured, Lillie Desport, was suffering from an incurable disease, cancer of the cervix and chronic myocarditis, etc., with a short life expectancy, induced the insured to fraudulently conceal from defendant that she suffered from said disease which made her an undesirable risk and uninsurable."

There was judgment in favor of plaintiff as prayed for, and defendant has appealed.

The record shows that on the trial of the case the defendant sought to introduce oral and documentary evidence for the purpose of showing misrepresentation by the assured and the plaintiff, as beneficiary, as to the condition of the assured's health, before the issuance of the policy; and that counsel for the plaintiff objected to the introduction of such evidence on the ground that the written application was neither embodied in nor annexed to the policy, as required by Act No. 52 of 1906 as amended by Act No. 227 of 1916.  The judge of the lower court sustained the objection and defendant reserved a bill of exception, annexing the written application to the bill as a part of it.

We are of the opinion that the ruling of the lower court was correct, because in an action brought by a beneficiary on a life policy, where the insurance company defends on the ground that the assured had, at the time of the issuance of the policy, represented herself to be in a good state of health, whereas in truth she was

then suffering from an incurable disease, the defendant is not permitted to adduce any evidence of such misrepresentation other than the written application there-for, which must either be embodied in, or annexed to, the policy itself. Act No. 52 of 1906 as amended by Act No. 227 of 1916; Carroll v. Mutual Life Insurance Company of N. Y., 168 La. 953, 123 So. 638; Whitmeyer v. Liberty Ind. Life Ins. Co., 166 La. 328, 117 So. 268; Shuff v. Life & Casualty Ins. Co. of Tenn., 164 La. 741, 114 So. 637; Fisette v. Mutual Life Insurance Co., 162 La. 620, 110 So. 880; Palesi v. Mutual Life Ins. Co., 151 La. 405, 91 So. 818; Oglesby v. Life Ins. Co. of Va., 12 La. App. 311, 124 So. 551; Brennan v. National Life & Accident Ins. Co. (La. App.), 122 So. 147; Fisette v. Mutual Life Ins. Co., 4 La. App. 430; Langston v. U. S. National Life & Cas. Co., 4 La. App. 474; Vaughn v. Metropolitan Life Ins. Co., 3 La. App. 614.

Defendant also complains of the ruling of the lower court in refusing to allow it to show that the plaintiff and the assured deliberately misrepresented the state of the assured's health at the time of the issuance of the policy upon the ground that the policy having been issued without a medical examination of the deceased, and the company or its agent having ample opportunity to observe the state of health of the assured, cannot claim a forfeiture of the policy on the grounds of misrepresentation, under the express provisions of Act No. 97 of 1908.

We are of the opinion that the ruling of the trial court was correct, because fraud on the part of the assured and beneficiary alleged to consist of deliberate misrepresentations as to the state of the assured's health cannot be set up by a defendant insurance company, where the policy was issued without medical examination, and the company, or its agents, had ample opportunity of ascertaining the true state of health of the assured. Act No. 97 of 1908; Massachusetts Protective Association v. Ferguson, 168 La. 271, 121 So. 863; Shuff v. Life & Casualty Insurance Co., 164 La. 742, 114 So. 637; Brown v. Continental Casualty Co., 161 La. 229, 108 So. 464, 45 A. L. R. 1521; Oglesby v. Life Insurance Co. of Virginia, 12 La. App. 311, 124 So. 551; Polite v. National Acc. & Life Ins. Co., 9 La. App. 83, 118 So. 846; Pierce v. Liberty Industrial Life Ins. Co., 7 La. App. 626; Silver v. National Life & Acc. Ins. Co., 6 La. App. 95; Langston v. U. S. National Life & Cas. Co., 4 La. App. 474; Kilbourne v. Life & Casualty Ins. Co., 2 La. App. 275; James v. Community Burial Service, 5 La. App. 633, Orleans Court of Appeal.

For the reasons assigned, the judgment is affirmed.