## TAYLOR v. UNITY INDUSTRIAL INS. CO.*
### No. 4493.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Bryan E. Bush, of Shreveport, for appellant.

Irion & Switzer and C. B. Emery, all of Shreveport, for appellee.

MILLS, Judge.

Pompey Taylor took out with defendant company two policies of insurance for $100 each, on the life of his mother, Harriet Taylor, in each of which he was named the beneficiary. The applications made by him were written out by the company's solicitor. They are not attached to or made a part of the policies. All premiums were fully paid up by the beneficiary at the time of the death of the insured, which occurred April 21, 1932. One policy is dated January 7, 1929, the other January 21st in the same year. Proof of death was properly submitted and payment demanded.

It was refused for the following reasons set out in the answer: That the policies were issued upon application purporting to have been made by the insured, 51 years of age, a resident of Shreveport, La., after an ex-

amination of the applicant by the company's agent; that as a matter of fact the applications were made by the beneficiary, without the presence of the insured and without any inspection of her by the agent; that these false representations were made by the beneficiary, plaintiff herein, with the assistance of the agent and with the intent and purpose to defraud the defendant company; that whereas defendant intended to insure the person described in the applications, plaintiff is seeking to collect in this case on the policies issued upon said applications, for the death of one Harriet Taylor, a resident of Campti, La., instead of Shreveport, aged about 80 years, instead of 51; that these facts recited in the answer were not known to defendant until the submission of the death claims; that had they been known the policies would not have issued; that for the reasons given they should now be declared invalid, null, and void.

In the alternative, defendant pleads that if held valid, its liability under the terms of the policies should be limited to the amount of insurance the premiums paid would buy at the correct age of assured.

A clear preponderance of the testimony shows that the applications were taken and written by one T. C. Wells, solicitor for the company, at the home of Pompey Taylor, in Shreveport, from information supplied by Pompey; that at the time his mother was at his house on a visit from her home at Campti; that Wells was informed of this fact and offered an opportunity to examine the woman but neglected and refused to do so. There is no proven fact even tending to support the plea of fraud or collusion in the case. For example, Wells, the agent, is offered as a witness by defendant. Despite its charge of grave misconduct, he is still in the defendant's employ and has never been even reprimanded by the company for his part in this transaction.

■ The applications offered in evidence by defendant and objected to by plaintiff were properly excluded upon the authority of Act No. 227 of 1916, which, in section 2, provides: "That every policy of insurance issued or delivered within the State on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the State shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are endorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement or statements not endorsed upon or attached to the policy when issued shall be used in defense of a claim under the policy unless contained in a written application and unless a copy of such statement or statements be endorsed upon or attached to the policy when issued. Any waiver of the provisions of this section shall be void."

In the absence of fraud, misrepresentations made in applying for life insurance or contained in the written application are not admissible in avoidance of the policy unless the application or the statements are embodied in or attached to the policy. Williams v. Unity Ind. Life Ins. Co., 14 La. App. 680, 130 So. 561; Jackson v. Unity Ind. Life Ins. Co. (La. App.) 142 So. 207; Whitmeyer v. Liberty Ind. Life Ins. Co., 166 La. 328, 117 So. 268.

Upon objection to their admissibility, the applications were properly excluded.

Without this evidence there is nothing in the record to show what statement there was made by the plaintiff, at the time of the application, as to the age of his mother. There being no proof of misrepresentation, this defense based upon it must fail. Whitmeyer v. Liberty Ind. Ins. Co., supra.

■ Plaintiff, in the case, invokes the aid of Act No. 97 of 1908. Its provisions are not pertinent to the issues here, as by its terms it is limited in scope to cases where policies, issuing without a medical examination, are sought to be avoided on the ground that the answers made in the application, in regard to the health, habits, or occupation of assured were not full and true. The act is silent as to representations regarding age.

■ The policies filed in evidence contain the following clause: "This policy shall be incontestable after two years from date, except as stated in condition 5 and for nonpayment of premium."

The present case does not come within the exceptions enumerated in condition 5. The premiums were fully paid. Both policies issued in January, 1929. The death occurred in April, 1932, more than three years from their date.

Our courts have given full force to such covenants, even in cases of fraud. Mutual Life Ins. Co. of N. Y. v. New, 125 La. 42, 51 So. 61, 27 L. R. A. (N. S.) 431, 136 Am. St. Rep. 326; Jackson v. Unity Ind. Life Ins. Co., supra.

■ The defense is urged that the policies are invalid for lack of the consent required by articles 1797, 1798, and 1819 of the Revised Civil Code. That the application was made by Pompey, and the premiums paid by him without the knowledge or consent of his mother, who never became a real party to the contract.

The burden is upon the insurer to establish the facts relied upon to relieve it from

liability. Massachusetts Protective Ass'n v. Ferguson, 168 La. 271, 121 So. 863.

There is no evidence in the record to show that Harriet Taylor did not have knowledge of the applications and did not consent to the contract of insurance.

Defendant further contends that the policies should be voided because of mistake as to the person, citing Article 1838 of the Revised Civil Code, which reads: "Error as to quality or character in which party acts —Illustration.—Error as to quality or character in which the party acts, as well as a mistake as to the person himself, invalidates a contract, when such a quality or character is the principal cause of the agreement: Thus, a compromise with one, who is supposed to be the heir of a deceased creditor of the party contracting, is void, if he be not really the heir."

There was no error as to quality or character. Harriet Taylor was the mother of Pompey, as represented. There was only one Harriet Taylor. There may have been mistake as to her residence and age, but not as to her quality, character, or identity.

Condition 10 of the policies provides: "If the age of the insured has been misstated, the amount payable under this policy shall be such amount as the premium paid would have purchased at the correct age of the insured, and if the correct age exceeds the age limit at which the company accepts members, then the only liability of the company will be a refund of premiums paid."

The incontestability clause does not affect this condition. Mutual Life Ins. Co. v. New, supra.

But, granting there was mistake as to the age of insured, there is nothing in the record and nothing was offered on the trial to show, what amount of insurance the premiums paid would buy if any age different from that upon which the policies were based was proven. We can therefore give no relief on that score.

The lower court gave plaintiff judgment for $200, the face of the policies, together with a penalty thereon of 6 per cent. per annum from date of judicial demand, together with legal interest from said date until paid.

The penalty assessed is that prescribed in Act No. 17 of 1920, which requires life insurance companies to pay all death claims within 60 days from date of due proof of death. Failing to do so, without just cause, then the policy bears interest at the rate of 6 per cent. per annum from said date until paid. The act simply fixes the interest due on the policy from the date payment is due at 6 per cent. instead of the legal rate of 5 per cent. It does not justify the allow-ance of both, or 11 per cent. In Evans v. Orleans Ind. Life Ins. Co., 19 La. App. 408, 140 So. 507, the question was not discussed but 6 per cent. only was claimed and allowed.

We think that the jurisprudence in this state has definitely settled all the issues in this case prior to the claim for payment under these policies, and that insurance companies should be familiar with the laws and jurisprudence governing their business. That as no proof of fraud was offered and no tender made at any time of any amount by defendant company, the failure to pay these policies within the period fixed by the act was without just cause, and that the 6 per cent. penalty was properly assessed.

The judgment of the lower court is amended by striking therefrom the allowance of 5 per cent. interest per annum on principal and penalty from the date of judicial demand, and as thus amended, it is affirmed.