## JOHNSON v. LIFE & CASUALTY INS. CO. OF TENNESSEE.
### No. 14888.

Court of Appeal of Louisiana. Orleans.
June 11, 1934.

---

404

Harry R. Cabral, of New Orleans, for appellant.

Stirling Parkerson, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on a policy of industrial life insurance in the sum of $250. There was judgment below for $125, and defendant has appealed.

On January 9, 1933, Peter Johnson was insured by the defendant company for $250; his beneficiary being Louise Johnson, his sister, plaintiff herein. Johnson died May 17, 1933, or about four months after the issuance of the policy. There is a clause in the policy to the effect that one-half of its face value shall be paid should death occur "after the first three months within the first year." It is admitted that this provision is applicable; consequently plaintiff's claim is reduced to $125. Liability is contested upon the ground, first, that no proper proof of death has been submitted; and, second, that Peter Johnson, the insured, died of chronic endocarditis, a disease from which he knew he was suffering at the time the policy was issued, and concealed that fact "by fraud and misrepresentation."

Taking up the first point made by defendant, we find the following provision in the policy on the subject: "This policy shall not cover those cases where death is proven by presumption of lapse of time and shall cover only those cases where the proof of death as a fact is made out by competent evidence, without recourse to any presumption of law."

The beneficiary of the policy sued on filed with the company the usual proof of death on a form submitted by the defendant, accompanied by a doctor's certificate signed by one S. C. Green, as attending physician. At the time proof was submitted, no objection was made by defendant, but it is now argued that the proof is not such as required by the policy, for the reason that the attending physician was disqualified by the board of medical examiners of the state of Louisiana some time prior to the issuance of the certificate, and was not, therefore, a qualified physician under the laws of this state. On the trial, it was established that Green's certificate to practice medicine had been suspended by the board of medical examiners, and he was therefore a disqualified practitioner. However, the fact that the insured died at the time mentioned in the petition is admitted by defendant in his answer, and the cause of death given by Green in his certificate, endocarditis, is affirmed and relied upon by defendant to support its contention. But it is pointed out that in Green's certificate the duration of the last illness is stated as "three or four months," and defendant attempted to offer medical testimony to show that chronic endocarditis is not fatal within so short a period, and that consequently the insured suffered from that disease at the time the policy was taken out. This testimony, on objection, was excluded, and defendant complains of the action of the court in this respect, requesting that the case be remanded to admit the excluded testimony.

The purpose for which a remand is requested is therefore to enable defendant to prove that the insured died of chronic endocarditis, a disease with which, to his knowledge, he was afflicted when the policy was issued, and that he fraudulently concealed that fact from defendant. We will assume, for the sake of discussion, that such proof had been made in this record. Would the situation be any different?

In Massachusetts Protective Ass'n v. Ferguson, 168 La. 271, 121 So. 863, 866, it was held that, where a policy issues without a medical examination, as was the case here, the provisions of Act No. 97 of 1908 preclude "from judicial consideration all allegations of fraud by insurance companies when called upon to comply with their insurance contracts."

"* * * Another, and insuperable, bar to the demand of the plaintiff for the cancellation of the policy on the ground of misrepresentation is to be found in our statutory law itself. The policy was issued without the requirement of any medical examination of the defendant, although, according to his uncontradicted testimony, he was in no haste for the policy, and there was plenty of time to make such examination. Since the plaintiff company had ample opportunity to ascertain the true condition of defendant's health

but failed to do·so, under the provisions of Act No. 97 of 1908 it cannot claim the forfeiture of the policy on the ground that defendant's answers to the questions set forth in his application were untrue. * * *

"The obvious purpose of the statute is to eliminate from judicial consideration all allegations of fraud by insurance companies when called upon to comply with their insurance contracts issued without any medical examination in regard to certain preliminary matters of which, through its agent, it has acquired, or might reasonably have acquired, knowledge prior to entering into the contract. According to the plain provisions of the legislative act, an insurance company cannot claim, in such cases, the forfeiture of the policy on the ground of misrepresentation. To permit it to do so by merely alleging that the insured is guilty of fraud in failing to make true and full answers in his application for insurance would nullify the statutory provisions." (168 La. 271, 121 So. 865.)

The ruling in the Ferguson Case is fatal to defendant's contention in its most favorable light.

The authorities relied upon by defendant, Cherry v. Metropolitan Life Ins. Co. (La. App.) 148 So. 121, Hulbert v. National Life & Acc. Ins. Co. (La. App.) 151 So. 87, and Eagan v. Metropolitan Life Ins. Co. (La. App.) 155 So. 69 (decided May 21, 1934, not yet reported [in State report]), are not in point.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.