## ALLEN v. ENTERPRISE BENEVOLENT & BURIAL ASS'N.
### No. 14927.

Court of Appeal of Louisiana. Orleans.
Feb. 4, 1935.

Chas. J. Mundy, of New Orleans, for appellant.

L. R. Hoover, of New Orleans, for appellee.

JANVIER, Judge.

The Enterprise Benevolent & Burial Association, Inc., issued a policy or contract in which it agreed that on the death of Frank Dozier it would provide a funeral valued at $100 and would pay to Laura Allen, his daughter, the sum of $50 as a death benefit.

The said Laura Allen, claiming that upon the death of the said Dozier in Baton Rouge, La., the corporation refused to furnish a funeral and refused to pay to her the death benefit stipulated for, seeks judgment in the sum of $150. Payment is refused by the said corporation, which contends that the contract required it to "furnish * * * a funeral in New Orleans but not elsewhere," and, although it also admits that it agreed "under certain conditions" to pay the said $50 as a death benefit, it denies that the said conditions were complied with. Defendant alleges that it was ready and willing to furnish such a funeral as was contemplated if the family of the said Dozier had agreed to pay the additional costs made necessary by the fact that the body was in Baton Rouge.

The evidence showed that the actual cost to defendant of such a funeral as was contemplated would have been $18.50. The judge a quo rendered judgment for plaintiff for $68.50, apparently including the $18.50 which was the cost to defendant of a funeral of the kind contemplated and also the $50 cash benefit provided for in the contract.

Plaintiff has appealed, contending that the judgment should be increased to $150, as originally prayed for.

Although the officers of defendant corporation insist that, under the terms of the contract, there was no obligation to provide a funeral for a member unless he should die in New Orleans, or within 30 miles of the said city, we find no such limitation in the document. But we do find in that document a provision to the effect that it "contains the entire agreement between the association and its members." Consequently, we conclude that the refusal of defendant to provide the funeral was unwarranted.

Because of the failure and refusal of the defendant's officials to furnish a funeral as provided for in the contract it became necessary to employ an undertaker, who took charge of and buried the body of the deceased at a cost of more than $100. Since this cost was made necessary by defendant's refusal to carry out its agreement, we feel that it should be held responsible on this item to the extent of $100.

Although defendant contends that the $50 death benefit is not due because of the failure of plaintiff to comply with "certain conditions," there is nothing in the record except the contract itself to show what these conditions were, and the only condition which is set forth there is that the party to whom the contract is issued must be "financial" at the time of his death. It is admitted that Dozier is dead, and it is also admitted that at the time of his death he was "financial." This term, it may be of interest to note, means, among those who are familiar with contracts and policies like the one involved here, paid up and not in arrears.

The amount of the death benefit is, therefore, due to the beneficiary, who is plaintiff here.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the amount thereof to $150, and that, as thus amended, it be affirmed; defendant to pay all costs.

Amended and affirmed.