The lower court in its written opinion has correctly set forth the issues in this case and, in our opinion, has correctly determined them. Its opinion is as follows:
"This is a suit by Mrs. Bertha Tarbutton, mother of Kermit Tarbutton, to recover the sum of $250.00, with interest, from the First National Life Insurance Company as assignee of the rights and obligations of the Reliance Life Insurance Company on what is commonly known as a burial insurance policy. The policy, which is attached to the petition, promises certain burial benefits in the event of death of W.M. Tarbutton, Bertha Tarbutton or Kermit Tarbutton. The petition alleges that Kermit Tarbutton died on December 11, 1942 while the policy was in full force and effect, and that the defendant herein owed to the plaintiff the obligation of furnishing a $250.00 funeral, as the policy had been assigned to the First National Life Insurance Company.
"The defendant first filed an exception of no cause nor right of action contending substantially the same defense as was later set up in its answer. This in substance was, first, that the policy did not insure Kermit Tarbutton because he was not dependent on his parents, which defendant claimed was necessary in order for the policy to require it to furnish funeral benefits in event of his death. The other defense was that the policy contract did not provide any payment to petitioner herein, as the application was signed with the name of her husband and *Page 366 
the policy provided that its benefits should go to the designated funeral directors, Woodruff Funeral Service, Inc.
"On the trial of the case the plaintiff objected to the defendant's introduction of testimony to prove its defenses as alleged above, on the ground that the answer did not allege particular reference to the clause in the policy on which defendant relied for its defenses. Evidence of these special defenses was permitted to be introduced in the trial of the case, subject to these objections, in order that the careful study of the case might be made.
"This case presented no serious controversy of facts, as it was clearly proven that the premiums on the policy had been paid and that defendant was promptly notified of the death of Kermit Tarbutton. The defense is on the question of coverage or obligation of the defendant to pay for a funeral due to Kermit Tarbutton.
"On the face of the policy in the blank space for the name of the insured, there was typewritten the names of W.M. Tarbutton, Bertha Tarbutton and Kermit Tarbutton, together with their respective ages. No designation is made of the relationship of the different insureds to each other. We think that under the policy, Kermit Tarbutton was insured by his name and age being typewritten in the policy.
"Defendant contended that Paragraph 5 of the policy, which is as follows: `All dependent single children shall receive benefits on their parents or guardians policy without additional premiums. Their names and ages, however, must appear in the policy. In case of marriage, they automatically lose protection, unless they are insured under a new policy and in their own name' — limited coverage of children to those who were dependent on their parents. We do not agree with this defense, as the policy does not designate Kermit Tarbutton as a son of W.M. and Bertha Tarbutton. If the logic of defendant's contention were accepted by this Court, it might as well be applied to excepting Bertha Tarbutton from coverage under the policy because she was not legally dependent on Kermit Tarbutton. The insertion of the name Kermit Tarbutton on the face of the policy definitely fixed his position as an insured under the policy.
"Turning to the other defense that the policy does not provide for a payment in money, but only for funeral expenses, in event of the death of Kermit Tarbutton, we find a question that has been passed on by this Court in the cases of Walters v. Reliance Industrial Life Insurance Company, 180 So. 880 and Allen v. Enterprise Benevolent Burial Association, 159 So. 127. Those cases squarely hold that the courts will render judgment against a burial association for the value of a funeral that it was legally obligated to furnish, when it fails to furnish a funeral that a beneficiary under its policy has proven to the Court he was entitled to receive.
"The defendant has made the further objection to a judgment being rendered in this case in favor of Mrs. Tarbutton on the theory that the suit should have been brought by Mr. Tarbutton. The policy in Paragraph 3 provides as follows:
"`Any one insured under this policy has the option, if he or she is the head of the family (and in the case of husband and wife, either may be designated as the head of the family) for the same premium of insuring his or her wife or husband and their own children (single), while living under the same roof with them, to the extent of the benefits as specified herein.'
"The evidence adduced at the trial, showed that Bertha Tarbutton was divorced from W.M. Tarbutton, after the policy was written, and the defendant was so notified; that no particular method is provided in the policy for designating the head of the family under the Clause 3, as shown above, and we think that the fact that Bertha Tarbutton paid all the premiums under this policy and was the only member of this family with whom the defendant has ever done business, sufficiently designated her as the head and the family to justify her in bringing this suit.
"The further contention that the funeral was not conducted by Woodruff Funeral Service, Inc., as provided in Clause 8 of the policy, is equally without merit because that funeral director is no longer in business and the plaintiff was forced to select some other funeral home when the defendant failed to designate another funeral director. We think there should be judgment rendered in favor of Mrs. Bertha Tarbutton, and against the First National Life Insurance Company for $250.00, with 6% per annum interest thereon from December 11, 1942 until paid, and all costs of this suit."
Defendant has perfected an appeal to this Court and has seriously urged a reversal of the judgment of the lower court. *Page 367 
After a careful study of the record, we are convinced the judgment is correct and that each issue raised has been correctly determined. We might add, however, that, in our opinion, the principal defense that Kermit Tarbutton was not a dependent child was waived by the defendant when the policy was issued. There is no allegation made by defendant nor is there any proof that Kermit Tarbutton was named as an insured through fraud or error. His age is stated in the policy as twenty-one years and it is not shown by the policy or by any testimony that at the time of the issuance of the policy Kermit Tarbutton was a dependent or that his status in that respect has changed at any time since. He is not designated by the policy as a son of plaintiff. Under these facts, it is reasonable to presume that the question of dependency was waived by the insurer when the policy was issued and he named as an insured. 67 Corpus Juris, § 12, page 309; 32 Corpus Juris, § 565, page 1315; 32 Corpus Juris, § 615, page 1341; 32 Corpus Juris, § 567, page 1316; Silver v. National Life Accident Insurance Co., 6 La.App. 95.
The judgment of the lower court is therefore affirmed, with costs.