HARDY, Judge.
This is a suit on a policy of industrial life insurance by plaintiff as the beneficiary named in the policy which covered the life of plaintiff's minor daughter, Gloria Jean Matthews. Defendant filed an exception of no right and no cause of action based upon the contention that the policy never became effective. After hearing, the exception was sustained and the suit dismissed, from which judgment plaintiff has appealed.
The pertinent allegations of plaintiff’s petition disclose that he was solicited by one of defendant’s agents, Norman K. Michel, for the purchase of policies of insurance upon himself and the several members of his family; that as a consequence of this solicitation plaintiff made application, under date of July 23, 1954, for the issuance of several policies of insurance, including the one here concerned in the principal sum of $1,000 on the life of his daughter, Gloria Jean Matthews, then about two and one-half years of age; that, contemporaneously with the making of application for insurance, plaintiff disclosed to defendant’s agent, Michel, that Gloria Jean Matthews had recently undergone a physical examination, at which time it was determined that she suffered from a heart condition which would necessitate surgery; that plaintiff’s daughter was operated upon December 1, 1954, for the heart affection known as patent ductus arteriosus, and succumbed to surgical shock on December 1, 1954; that medical examination was neither required nor made, as a condition for the issuance of the policy sued on; that defendant’s agent, Norman K. Michel, was completely familiar with all the alleged facts and that, despite demand, defendant has refused to make payment of the policy for a period exceeding sixty days following submission of proof of loss, as a result whereof plaintiff claims the penalty of 6% interest in addition to the face amount of the policy.
The policy of insurance was attached to defendant’s exception, and the provisions thereof, which are relied upon by defendant in support of its contention, are quoted as follows:
“Effective Date — This policy shall take effect on the Date of Issue, provided the insured is then alive and in sound health, but not otherwise.
“Entire Contract — This policy includes all matter printed or written by the Company on this and the following pages and constitutes the entire agreement. All statements made by the Insured or on his behalf shall, in the absence of fraud, be deemed representations and not warranties. No agent shall have the power or authority to waive, change or alter any of the terms or conditions of this policy, nor shall it be changed in any manner except by endorsement signed by the President or Secretary.” (Emphasis supplied.)
The policy was issued on date of August 9, 1954, at which time, concededly, the insured was not in sound health.
In opposition to defendant’s position it is contended on behalf of plaintiff that defendant’s agent was fully acquainted with the true state of health of the insured, both at the time plaintiff made application and at the time defendant issued the policy, and that any false answers in the application for insurance were inserted by defendant’s agent without the knowledge of plaintiff. Upon the basis of these facts counsel for plaintiff concludes that both the knowledge and the actions of defendant’s agent are legally imputed to defendant itself and it must bear the consequences thereof. Primarily, counsel relies in support of this position upon the holding of the Supreme Court in Telford v. New York Life Ins. Co., 227 La. 855, 80 So.2d 711, 712, and the cases cited therein.
It is argued that the facts in the Telford case are identical with those concerned in the case at bar. With this assertion we cannot agree. The defense in the Telford case was primarily predicated upon the contention that the application, upon the basis, of which the policy issued, contained
“gross misrepresentations concerning his physical condition and medical *456 history which were so material that if they had not been made the policies would not have issued.”
Unquestionably, in the instant case, if the application had disclosed the insured’s true physical condition, the policy would not have issued. But the defense here is not concerned with the issuance of the policy on the basis of the application but with the contractual provision which concerns solely and exclusively the physical condition of the insured with relation to the effective date of the policy. In other words, despite the representations made in the application and without regard to the truth or falsity thereof, the defendant here urges that the policy sued upon, by its own terms, was never effective because the insured was not in sound health on the date of issue, August 9, 1954.
We do not find that this point was involved in the Telford case, nor does the opinion indicate that the policy contained a similar provision. The application under examination in the Telford case contained the following qualification with reference to effective date:
“ ‘It is mutually agreed that: 1. Except where the proposed insurance in connection herewith takes effect as from the date of this application pursuant to the receipt attached as a coupon and corresponding in date and number herewith, any insurance issued on this application shall not go into force unless and until the policy therefor is delivered to the Proposed Insured and the premium therefor paid in full and then only if no change shall have occurred in the insurability of the Proposed Insured since the time ,of completing this application and thereupon the policy shall be deemed to have taken effect as of the date of issue specified therein.’”
Counsel for plaintiff urges that the above emphasized wording constitutes a “Sound Health” clause which contains substantially the same wording as the policy provision in the instant case. This contention is in error as it is easily perceived that the qualification on the effective date of the insurance in the Telford case rested upon a showing that no change in the insurability occurred between the time of completion of the application and the issuance of the policy. That is not at all equivalent to the very specific provision in the policy issued by the defendant in this case which made its effect plainly dependent upon the sound health of the insured upon the date of issuance.
We think much more analogous facts were involved in Shuff v. Life & Casualty Ins. Co. of Tennessee, 164 La. 741, 114 So. 637, 638, in which the court interpreted a policy provision which read as follows:
“ ‘No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health.’ ”
The effect of the holding of the court was to sustain the condition and limitation included in the policy of insurance which was not susceptible to nullification by the court on the ground that the condition had been waived by the insurer’s agent.
The holding of this court in Curry v. Reserve Life Ins. Co., La.App., 43 So.2d 312, 313, is highly persuasive in the consideration of the issue before us. The policy was issued, and the effective date was set forth as being October 26, 1948. Plaintiff sustained the injury which was the basis of his claim, on the morning of October 27, 1948. The policy was mailed by the insurer from its office in Dallas, Texas, on October 28, 1948. The policy itself contained the following provision:
“ ‘This stipulation shall take effect at 12 o'clock noon, Standard Time of the place where the insured resides, on the effective date hereof; provided, however, that this policy shall become effective only if it has been issued and delivered while the Insured is alive and in good health.’ ” (Emphasis supplied.)
We held that there was neither constructive nor actual delivery of the policy prior to the accident of October 27th and that *457 the requirement of “good health” on the part of the assured at the time of delivery was a reasonable provision designed for the protection of the insurer.
Under the facts of the instant case there can be no issue as to the recitals of the application since the application itself has no bearing whatsoever upon the legal proposition concerned. The plaintiff accepted the policy of insurance on the life of his minor daughter on the condition, which was plainly specified in the policy, that the insured was in good health on the date of August 9, 1954. Admittedly, the insured was not in good health on the date in question, and, as a result, the policy was never effective.
The judgment appealed from is affirmed at appellant’s cost.