179 So.2d 642 (1965)
Clyde BUTLER et al., Plaintiffs-Appellees,
v.
VULCAN LIFE & ACCIDENT INSURANCE COMPANY, Defendant-Appellant.
No. 10441.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1965.
Cotton & Bolton, Rayville, for appellant.
Sonny N. Stephens, Winnsboro, for appellees.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiffs, heirs of Mrs. W. L. Butler, sued Vulcan Life and Accident Insurance Company for $3,500 allegedly due under a certificate of insurance issued by the company to insure a crop loan made by Winnsboro State Bank and Trust Company to the decedent. The lower court rendered judgment in favor of plaintiffs from which defendant appeals.
The certificate of insurance was issued by the Winnsboro bank pursuant to a Special Franchise Group Creditor Master Policy and was designated as creditor-debtor insurance only. We deem the most pertinent provision of the policy to be the following clause:
"This policy shall be incontestable after thirty days from the date the completed certificate is received in the Home Office of the Company, except for fraud or non-payment of premiums, as to insurance upon the life of any Debtor becoming insured hereunder." (Emphasis added.)
There is no question but that the certificate, if effective, had been issued for more than thirty days nor is there any contention the premiums had not been paid. The questions to be answered are two: was there any fraud on the part of the insured so as to open the way for the insurance company *643 to contest the policy and, did the debtor ever "become insured"?
Defendant appellant urges that the insurance never became effective; that at the time of the application for the loan Mrs. Butler was suffering from Hodgkin's disease, from which she subsequently died; and that therefore she was not in sound health on the date of issue as required by the following provision of the master policy:
"The insurance hereunder of any Debtor shall become effective upon the Debtor's making application to the Creditor for insurance hereunder and the payment of the premiums by the Debtor to the Creditor for insurance for the entire term, provided the Debtor is in sound health and premiums be paid by the Creditor to the Company as hereinafter provided." (Emphasis added by appellant.)
Numerous cases from this and other jurisdictions have been cited by appellant in support of his position. However, our examination of the cited cases reveals that in each case a written application was required and made a part of the policy. In the application the insured was required to answer questions concerning the state of his health. In most of the cited cases the insurance contract also provided the insured must be in good health at the time the policy was delivered for it to be effective. We are not here concerned with bad faith or misrepresentations of physical condition contained in an application, since no written application was required, nor with a policy requirement that the insured be in good health at the time of delivery of the policy, since no policy was ever issued or delivered to the insured.
Appellant cites the case of Matthews v. National Life and Accident Insurance Company (La.App., 2 Cir., 1956) 88 So.2d 454 as being strikingly similar in all pertinent respects to the case at bar. We have examined that case thoroughly and conclude it is inapposite for a number of reasons, primarily because the question of incontestability was not before the court.
Appellee points out that under the provisions of the master policy the creditor (the bank) had authority to issue the certificate of insurance to the debtor when the latter complied with the requirements for coverage AND "when the creditor believes him to be alive and in sound health". Testimony adduced on this point reflects the bank had on previous occasions loaned money to Mrs. Butler for purposes of raising crops and that these loans had been insured by defendant; further, that when Mrs. Butler applied for the instant loan she applied in person and when asked by the bank president how she felt she replied, "Fine." The premium was deducted from the amount advanced to Mrs. Butler and she was only required to state her age, the number of months for which the loan would be needed and to give her address. The creditor was named as first beneficiary on the certificate while the secondary beneficiary was designated as the estate of the insured. This testimony, in the light of the above provision, appears to establish that the debtor had "complied with the requirements for coverage" and that the creditor believed her to be alive and in sound health.
In Garrell v. Good Citizens Mutual Benefit Association, Inc., 204 La. 871, 16 So.2d 463 (1943) the insured died of tuberculosis. The company was condemned to pay onefourth of the face value of the policy. The appellate court affirmed and the Supreme Court granted writs and increased the award to the fact amount of the policy. The court relied on the previous decision in Bernier v. Pacific Mutual Life Ins. Co. of California, 173 La. 1078, 139 So. 629, 88 A.L.R. 765 (1932), quoting from that case as follows:
"* * * The provision[s] in a life insurance policy, making the contract incontestable *644 after a stated period, means something more than that the insurer cannot then contest the validity of the policy on the ground of breach of a condition; it means that the company cannot then contest its obligation to pay, on due proof of the death of the insured, the amount stated on the face of the policy, except for a cause of defense that is plainly excepted from the provision making the policy incontestable.

* * * * * *
"In a suit on a life insurance policy, the question whether the defense set up by the insurance company is barred by the incontestability clause in the policy does not depend upon whether the company pleads a breach of a condition or pleads that the cause of death was excepted from the risks insured against; but it depends upon whether all that is said in the policy leaves no reasonable doubt that the defense set up by the company is not barred by the incontestability clause * * *"
Under the circumstances here presented, where the insurance company allows the creditor bank (as its agent) to issue a certificate upon belief the insured-debtor is in sound health and where no medical examination is required nor any questions asked concerning insured's prior or present health, we are of the opinion the bank was within its authority in issuing the certificate; that the insurance became effective immediately upon issuance of the certificate; and that the record evidences no fraud on the part of the bank or decedent. As a consequence the company is bound by the terms of the master policy and has waived any right to contest coverage under the incontestability clause.
Accordingly, for the reasons assigned the judgment of the lower court is affirmed at appellant's cost.
Affirmed.