241 So.2d 287 (1970)
Pansy Bourgeois FOURNIER
v.
GULFCO LIFE INSURANCE CO.
No. 8074.
Court of Appeal of Louisiana, First Circuit.
November 16, 1970.
*288 Edward T. Diaz, of Diaz & Herrin, Golden Meadow, and B. C. Bennett, Jr., Marksville, for appellant.
L. G. LaPlante, Jr., of Serpas & LaPlante, Galliano, for appellee.
Before LANDRY, ELLIS, and BLANCHE, JJ.
ELLIS, Judge.
This is a suit on a life insurance policy, issued by defendant, Gulfco Life Insurance Company on the life of Alvin Fournier, husband of plaintiff, Pansy Bourgeois Fournier. From a judgment in favor of plaintiff, defendant has appealed.
The policy at issue is a "creditor" life policy, dated October 5, 1967, and insured Mr. Fournier's life in the amount of $5,000.00 for a term of six months from its date. The "irrevocable first beneficiary" is Lafourche State Savings & Loan, and the second beneficiary is plaintiff. Lafourche is not a party to this suit, although the balance owed by Mr. Fournier to it at the time of his death exceeded the face amount of the policy.
The following pertinent provisions are contained in the policy:
"No insurance shall take effect under the policy unless on the date hereof the Assured is alive and in sound health."

* * * * * *
"Said payable amount shall be paid to the First Beneficiary as its interest may appear."

* * * * * *
"This policy shall constitute the entire contract between the parties and shall be incontestable from its date of issue except when death occurs from self destruction. * * *"
It is stipulated that plaintiff knew that her husband was fatally ill prior to the issuance of the policy, and that defendant would not have written the policy had it known that fact. Mr. Fournier died of his illness on October 29, 1967.
There is no showing made that any application for the policy was made or required; that any representation was made by plaintiff or her husband as to the state of his health; or that any inquiry was made by Gulfco or its agent relative thereto.
In the light of the foregoing, we conclude that there is no question of fraudulent misrepresentation before us, and we find the circumstances leading up to the issuance of the policy to be irrelevant. In view of the above quoted incontestability provision, we think the only question to be determined is whether or not the policy ever took effect, because if it did, it became incontestable except in the case of suicide by the insured.
If the provision relative to the health of the insured on the date of issue is to be given effect, then plaintiff cannot prevail, since Mr. Fournier was admittedly not in sound health on the date of issuance of the policy. Such provisions have been heretofore *289 recognized and given effect by our courts. Matthews v. National Life and Accident Insur. Company, 88 So.2d 454 (La. App. 2 Cir. 1956); Aucoin v. First National Life Insurance Company, 204 So.2d 703 (La.App. 3 Cir. 1967). We know of no reason why it should not be given effect in this case. The case of Butler v. Vulcan Life & Accident Insurance Co., 179 So.2d 642 (La.App. 2 Cir. 1965), which was relied on by the district court, involved a policy in which the condition of health of the insured was a fact to be determined by the insurer's agent. It is inapplicable to this case.
Since we are of the opinion that the policy sued on never took effect, the judgment appealed from is reversed, and there will be judgment herein in favor of Gulfco Life Insurance Company and against Pansy Bourgeois Fournier, dismissing her suit at her cost.
Reversed and rendered.