LOTTINGER, Judge.
This is a suit filed by Audubon Life Insurance Company against Ruth Lauzervich wherein petitioner seeks a declaratory *590 judgment declaring that it has no liability whatsoever to Roy Lauzervich’s succession or estate, his surviving spouse or any other person under the certificate of credit life insurance which will hereinafter be mentioned. An intervention was filed by Commercial Securities Company, Inc., the alleged holder and payee on the master policy of insurance seeking judgment in its favor against Audubon in the same amount that any judgment might be rendered in favor of said defendant. Judgment was rendered in favor of defendants and intervenor and the petitioner has appealed.
In February of 1965, Audubon Life Insurance Company issued group policy No. G-7 to Commercial Securities Company, Inc., as creditor. A copy of the policy marked P-2 for identification has been introduced and is part of the evidence in this case. Section III of that insurance policy entitled “INSURING PROVISIONS” provides in part as follows:
“(b) Debtors Eligible for Insurance:
i}: if: 5}i jfi if: ifl
(4) No Debtor shall be eligible for insurance hereunder unless on the effective date of the instrument of the indebtedness he is alive and in sound health.
if: if: if: if: íjc #
(c) Person Insured: Subject to the above requirements as to eligibility, the person insured shall be the Debtor who signs the instrument of indebtedness.
if: if: if: if: >{: if:
In the event the person designated above as the insured is ineligible for insurance for any reason, then in that event no insurance shall be provided as to that person or any other Debtor signing the instrument of indebtedness, whether eligible or not.”
On June 6, 1967, Roy Lauzervich purchased an automobile from Johnson Ford and in connection with that purchase signed a promissory note and chattel mortgage. The promissory note and chattel mortgage were subsequently negotiated to Commercial Securities Company, Inc., and a certificate of credit life insurance was issued to Mr. Lauzervich by Audubon Life Insurance Company pursuant to the master policy referred to above. The certificate issued to Mr. Lauzervich includes the following provision as paragraph No. 8 in that certificate:
"Sound, Health Clause: The debtor is not eligible for insurance hereunder unless on the effective date hereof the Debtor is alive and in sound health.”
Paragraph No. 13 of the certificate reads as follows:
"Alteration of Contract: The terms, provisions and conditions of the Group Policy or of this Certificate may not be altered, modified, waived or changed by any verbal promise or statement by whomsoever made and no written modification or change will bind the Company unless it is signed by the President, the Secretary or a Vice-President of the Company. The Company shall not be bound by any promise or representation heretofore to hereafter made by or to any agent or person other than as above.”
The master policy contains similar language in Section X, paragraph (i). Paragraph (h) of the master policy provides that the policy constitutes the entire contract between the parties.
Mr. Lauzervich died some three months later, on September 14, 1967, from complication resulting from leukemia.
The evidence in this matter shows conclusively that Mr. Lauzervich had leukemia on June 6, 1967, the date the automobile was purchased, and that both he and his wife were aware that he had leukemia. A diagnosis of leukemia had been made in January and February, 1965, of “sub-acute lymphatic leukemia” and from that time until his death, Mr. Lauzervich underwent extensive treatments and examinations for his condition.
*591 Medical evidence in the form of depositions by the two doctors associated with Mr. Lauzervich’s case make it clear that a person with leukemia, particularly the type with which Mr. Lauzervich was afflicted, could not be considered in “sound health”.
Because of the fact that Mr. Lauzervich was not in “sound health” when the certificate was issued and was never in sound health thereafter, Audubon Life denied coverage under the terms of the credit life insurance certificate and master policy and tendered return of the premium initially paid. Audubon Life has instituted this litigation to obtain a declaratory judgment that it has no liability under the certificate issued to Mr. Lauzervich. The defendants are the widow and children of Mr. Lauzer-vich.
An intervention has been filed on behalf of Commercial Securities Company, Inc., as the holder of the note seeking a judgment against Audubon under the provisions of the insurance contract in question, in the event the Court should find coverage. It has been stipulated that if coverage was afforded to Mr. Lauzervich under the circumstances of this case, the liability is to Commercial Securities Company, Inc.
The evidence reflects that the deceased dealt solely with Mr. Clyde Johnson, the President of Johnson Ford, Inc., in the handling of this transaction. On June 6, 1967, the deceased and his wife appeared at Johnson Ford to purchase an automobile. Mr. Johnson sold him the automobile, placed the financing of same through Commercial Securities, and ordered from Commercial Securities the life insurance policy here in question. The record discloses, as is shown by the testimony of both Mr. Johnson and Mrs. Lauzervich, that Mr. Lauzervich wanted to purchase the automobile in his wife’s name because he was in ill health, however, Mr. Johnson told him that he looked well to him and suggested that he place it in his name because it would make the financing of the said automobile much easier.
Although there is no question but that the deceased had leukemia at the time of the purchase of the automobile, the testimony indicates that he was looking well, that he had been responding to drugs and that he did not become violently ill until just about a week before his death, during which time he went down very rapidly. He had been suffering with leukemia since February, 1965, some two and one-third years prior to his death.
The defendant relies primarily on the case of Butler v. Vulcan Life & Accident Insurance Company, La.App., 179 So.2d 642, which is distinguishable from the present case because in the Butler case the question before the Court was that of the con-testability clause of the insurance policy. In that case the thirty days contestable period had expired prior to the death of the deceased.
We feel that more germane to a decision in this case are the decisions in Aucoin v. First National Life Insurance Company, La.App., 204 So.2d 703 and Matthews v. National Life & Accident Insurance Company, La.App., 88 So.2d 454.
In the Aucoin case, the policy provided that * * * “this policy shall not take effect if the insured dies before the date hereof, or if on such date at the time of delivery of the policy, the insured shall be not in sound health”. The decedent in that case was not in sound health at the time the policy on his life was taken out, and, accordingly, the Court held that there was no contract of insurance. In that regard the Court said:
“In addition thereto, defendant is relieved from liability because of the language in the policy quoted above entitled ‘Preliminary Provisions’. This language clearly shows an intention on the part of the insurer to make as a condition precedent to the viability of this contract delivery of the policy at a time when the insured was in sound health.
Shuff v. Life & Casualty Ins. Co., 164 La. 741, 114 So. 637, followed by Pruitt *592 v. Great Southern Life Ins. Co., 202 La. 527, 12 So.2d 261, and Matthews v. National Life & Accident Ins. Co., La.App., 88 So.2d 454, all hold the enforceability of such a provision in a life insurance contract.”
In the Matthews case the policy provided that:
“This policy shall take effect on the Date of Issue, provided the insured is then alive and in sound health, but not otherwise.”
The evidence in that case indicates that the agent knew that the insured was not in sound health at the inception of the policy. The Court again held that there was no policy of insurance saying:
“Under the facts of the instant case there can be no issue as to the recitals of the application since the application itself has no bearing whatsoever upon the legal proposition concerned. The plaintiff accepted the policy of insurance on the life of his minor daughter on the condition, which was plainly specified in the policy, that the insured was in good health on the date of August 9, 1954. Admittedly, the insured was not in good health on the date in question, and, as a result, the policy was never effective.”
Accordingly, we feel that the Lower Court erred in upholding the policy on the life of the decedent, and, for the reasons hereinabove assigned, the decision of the Lower Court will be reversed, and there is hereby rendered judgment herein in favor of Audubon Life Insurance Company and against the defendants and the intervenor herein, declaring that no contract of insurance existed between petitioner and the decedent, Roy Lauzervich, and that the said defendants and intervenor be assessed with all costs of Court, including this appeal.
Judgment reversed and rendered.