SARTAIN, Judge
(concurring).
I concur with the result reached by the majority because at the time of the issuance of the policy Mr. Lauzervich was suffering from leukemia, a condition known to him, which caused his death some three months later.
I decline to concur with the majority’s conclusion that the policy did not become effective because of the “sound health” clause and reserve my opinion as to whether such clauses are contrary to public policy, especially when death may result from causes other than an illness known to the insurer at the time of the issuance of the policy.
Further, I cannot agree that the cases relied upon by the majority, Shuff v. Life and Casualty Insurance Company, 164 La. 741, 114 So. 637 (1927); Aucoin v. First National Life Insurance Company (3d La.App., 1967), 204 So.2d 703 and Matthews v. National Life & Accident Insurance Company (2d La.App., 1956), 88 So.2d 454 stand expressly for the proposition that sound health is a condition precedent to the effectiveness of the policy. In Shuff there was collusion between the insured and the agent and the policy was delivered to the insured contrary to the rules of the insurer and the provisions of the policy. The insured at the time was also an agent of the same insurer and was familiar with the rules that were violated.
In Aucoin the beneficiary falsely answered questions relating to the insured’s health. In Matthews the applicant knew and advised the agent of the illness of the insured, but the agent withheld this information from the insurer. It is my view that these cases should be limited to the particular facts found in each, namely, that the named insured in each instance was in precarious health and very shortly thereafter died from such ailments.
The conclusion reached by the majority precludes any consideration of coverage in subsequent cases where at the time of the *593 issuance of the policy an applicant is unaware of any physical factor that would cause him to be in unsound health. The decision precludes any consideration of a situation where the insured dies of causes other than that particular illness which renders him in unsound health. These situations should be considered at the time the court is called upon to express an opinion relative thereto. As I view the majority opinion we are now prevented from doing so.