LANDRY, Judge.
Plaintiff, Louise Hano Borer, appeals from the judgment of the trial court denying her claim for the proceeds of a life insurance policy issued by defendant, Security Industrial Life Insurance Company (Security) on the life of appellant’s deceased husband, Armston A. Austin, which policy named plaintiff as sole beneficiary thereunder. The prime issue before us is whether the policy was in effect on the date of decedent’s death. We concur in the finding of the trial court that decedent died before the policy became effective.
By stipulation, it is shown that the application for the policy was made on April 24, 1964, on which date decedent paid a premium of $7.80. Said receipt reads in full as follows:

It is stipulated that the application for the policy, a receipt book issued to applicant by defendant, and the policy itself were dated May 1, 1964. It is conceded that Mr. Austin died at 9:00 A.M., April 28, 1964, of pulmonary edema contracted in the course of emergency surgery. Further stipulation is to the effect that if E. J. Ourso, President of Security, were called to testify, he would depose that decedent had a previous policy with defendant on which the premium was $3.35, which sum was mistakenly returned to plaintiff instead of the $7.80 premium paid on subject policy. Defendant concedes the sum of $7.80 is due and owing appellant. The check for $3.35 sent plaintiff has not been cashed.
It is conceded that subject policy contains the express provision that it “shall not take effect if the insured die before its date but in that event premiums paid will be refunded.” Additionally, the policy states that it contains the entire agreement between the company and the insured; that its terms cannot be waived by any agent nor changed except by endorsement signed by the president or secretary of the company. The receipt book issued to decedent shows that the due date of the first premium was May 1, 1964; in the “Date when paid” column appears “Rect” followed by the signature “L. Armstrong”, Collector.
The principal thrust of appellant’s argument is that since the application contains no restrictions as to effective date, upon payment of the initial premium, a binding contract of temporary- insurance came into being.
Louise Armstrong, defendant’s agent who sold the policy in question, declared by affidavit that she understood coverage began upon satisfactory application and payment of initial premium. She also noted that if the applicant inquired, she informed the applicant that his coverage began immediately upon premium payment. She acknowledged that she could not recall whether she had informed decedent that he was covered from the time he paid the first premium. Mrs. Armstrong also stated she usually received a premium book and policy from defendant for each client, but that, in this instance, they were not received.
Defendant’s President, Ourso, testified the company procedure was to date all policies on the 1st and 15th of each month. He explained that applications received after the 15th of the month were processed *7 at the home office and the policies issued pursuant thereto dated the 1st of the following month. He also stated that as to applications received in the first IS days of the month, the policies were dated the 15th of that particular month. According to Ourso, it was company policy to forward issued policies and receipt hooks to the signing agent for delivery to the insured on the effective date of the policy as stated therein, provided the insured were alive and in good health on the effective policy date. He contradicted Mrs. Armstrong’s testimony that it was company policy to advise inquiring applicants that their policies were effective immediately upon premium payment. In this respect Ourso stated that agents were instructed to inform applicants that their policies did not become ' effective until the policy date, in keeping with the express provisions of every policy. In substance, Ourso testified it was likely that the policy in question was in the agent’s hands before May 1, 1964 for delivery on the policy date.
Plaintiff testified that prior to decedent’s death, she was informed by defendant’s agent, Armstrong, that the policy in question was in the agent’s office in Denham Springs, Louisiana.
The thrust of appellant’s argument is that since the application in question contained no restrictions and since decedent was informed his coverage began when the first premium was paid, a binding contract of insurance resulted. The argument is without merit in this instance.
Appellant first cites and relies upon 2 A.L.R.2d Anno. Temporary Insurance, page 943, et seq. It suffices to state that the authorities cited in the quoted source are factually inapposite to the case at hand. Said authorities deal with instances in which conditional receipts are issued upon initial premium payment. Similarly, the authorities cited in an article entitled Life Insurance Binding Receipts, 33 Illinois Law Review 180, are inapplicable herein inasmuch as they deal with receipts which indicate that the company will pay in the event of death, subject to only a stated condition or conditions. For the same reason, the articles appearing in 60 Harvard Law Review, page 1165, 15 Universal Chicago Law Review, page 379, and 44 Yale Law Review 1223, are not apropos the case at hand.
No conditional receipt is involved in this instance. The receipt quoted in full above, contains not the slightest indication that coverage would commence upon payment of premium. Subject receipt is purely and simply an acknowledgment of receipt of a stated amount.
Moreover, it appears that with respect to temporary binders and temporary insurance, it is essential that the parties mutually intend to insure from date of premium payment or application. Couch on Insurance 2d, Sec. 1414:14, Page 586. In the case at bar, it is clear that defendant did not so intend.
Our jurisprudence sanctions the rule that policy provisions which require that an insured be alive or in good health on the effective policy date are not contrary to public policy and are therefore enforceable.
In Shuff v. Life & Casualty Insurance Company of Tennessee, 164 La. 741, 114 So. 637, the beneficiary of a life policy suing for policy benefits was resisted on the claim that the insured was not in good health on the policy date. In commenting on the limitation of an agent’s authority with respect to the effective date of a policy, the court noted:
“There is no reason of public policy why such conditions and limitations in a policy of insurance should be nullified by the courts, or be declared invalid, or be incompetent to protect either party to the contract.
* * *
“When, in an insurance policy, it is declared to be the complete and only evi *8 dence of the contract between the company and the insured, there is no reason why any of its stipulations, if unambiguous and reasonable and such as the parties are competent to make, should not be as effective as they would be in any other instrument intended to be the only evidence of a certain contract. In every case where a court has held that an insurance agent could, in spite of a prohibition written in the policy, bind the company by his waiver of a stipulation written in the policy for the protection of the company, the decision was founded upon the finding or assumption that the insurance company was in the attitude of having held out to the insured or to the public that the agent had the authority assumed by him, so that the insured in such case was, through the fault of the company, led to believe that the agent had the authority to bind the company. But, when the company is not guilty of any deception or misrepresentation, either express or implied, and the agent does something in violation of a prohibition contained in the instrument in which it is declared that it constitutes the entire evidence of the contract between the company and the insured, the agent is acting for himself and not as agent of the company, and he alone, if any one, is answerable to the insured for the consequence of any such false pretense.”
The same result was reached in Matthews v. National Life and Accident Insur. Co., La.App., 88 So.2d 454, wherein the beneficiary sued on a life policy delivered to an insured known by the insurer’s agent not to have been in good health. The insurer defended on the ground that the policy never became effective because of a provision requiring the insured to be in good health at time of delivery. In sustaining the policy provision and denying recovery, the court in Matthews, above, noted:
“But the defense here is not concerned with the issuance of the policy on the basis of the application but with the contractual provision which concerns solely and exclusively the physical condition of the insured with relation to the effective date of the policy. In other words, despite the representations made in the application and without regard to the truth or falsity thereof, the defendant here urges that the policy sued upon, by its own terms, was never effective because the insured was not in sound health on the date of issue, August 9, 1954.”
In Matthews, the policy was actually delivered to the beneficiary who had insured the life of his minor daughter. Nevertheless, the court in Matthews held:
“The plaintiff accepted the policy of insurance on the life of his minor daughter on the condition, which was plainly specified in the policy, that the insured was in good health on the date of August 9, 1954. Admittedly, the insured was not in good health on the date in question, and, as a result, the policy was never effective.”
Here there is no proof that the agent was authorized with defendant’s knowledge, consent or approval, to vary the policy terms regarding effective date. Ourso’s testimony is expressly to the effect that agents are instructed to inform applicants that policies are effective on the date of delivery.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.