345 So.2d 1023 (1977)
Woodrow BROWN, Plaintiff-Appellee,
v.
NATIONAL OLD LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 13242.
Court of Appeal of Louisiana, Second Circuit.
April 25, 1977.
Rehearing Denied May 23, 1977.
Writ Refused June 29, 1977.
*1024 Emmons, Henry & Reeves by Joseph A. Reeves, Jr., Jonesboro, for defendant-appellant.
Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiff-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
BOLIN, Judge.
Plaintiff sued to collect benefits under a mortgagor's disability policy issued by defendant to plaintiff on January 23, 1973. Defendant denied the claim on two grounds: (1) the "sickness" or disease which caused plaintiff's disability commenced before the effective date of the policy; and (2) plaintiff made misrepresentations in the application for insurance with the intent to deceive or which materially affected the acceptance of the risk assumed by the insurer. (Louisiana Revised Statutes 22:619B).
The trial court rendered judgment in favor of plaintiff for the amount of the disability benefits plus penalties and attorney fees. Defendant appeals and plaintiff answers the appeal, seeking an increase in attorney fees. We reverse the judgment insofar as it awards plaintiff penalties and attorney fees; otherwise it is affirmed.
The policy provides benefits "for sickness or disease contracted and commencing after" the effective date of the policy. Appellant contends plaintiff's present disability is not covered by the policy because it commenced in April 1968, some four years and eight months before the application for insurance was made.
In April 1968 plaintiff, complaining of pain in his hip, was seen by Dr. Cline, an orthopedist, to whom he was referred by Dr. McKeithen, the treating physician. Although Dr. Cline did not testify, a letter outlining his findings, diagnosis and recommendations was introduced into evidence. Dr. Cline found evidence of sciatic irritation and recommended that plaintiff be hospitalized for a period of bedrest, traction and heat, and be supplied with a back support.
Dr. McKeithen testified he followed these recommendations and that plaintiff had good results from traction and bedrest. He concluded the diagnosis was "probable herniated lumbar disc." Plaintiff returned to work July 1, 1968.
The trial judge found the disability suffered by plaintiff in 1968 was the result of a strain to his back, probably caused by a degenerative disc disease, whereas the present disability is caused by a severe form of arthritis probably aggravated by the heavy manual labor which plaintiff was required to do in his employment. He concluded it was not established there was any relationship between the 1968 episode and plaintiff's present disability.
Appellant contends the present arthritic condition is an extension of or connected with the previous degenerative disc disease; that the terms degenerative disc disease and arthritic condition are used interchangeably by the medical profession, specifically by the doctors in this case. We have been cited to no authority nor was medical or factual evidence presented in support of this contention, whereas appellee cites substantial medical authority to the contrary.
The burden is on the defendant company to prove the disease which caused plaintiff's present disability commenced before the effective date of the policy. There is no direct medical evidence the back trouble upon which the present claim is based *1025 "commenced" before the effective date of this policy. Dr. McKeithen was unable to say, independently of any other testimony, that plaintiff had arthritis before the present onset.
We find the record amply supports the trial judge's finding that appellant failed to establish appellee's present disabling arthritis commenced before the effective date of the policy.
The questions contained in the application for insurance and plaintiff's answers, asserted by defendant as relieving it of liability, are:
(1) Have you been under observation or had medical or surgical advice or treatment, or been hospital confined during the past five years? Answer: No.
(2) Are you now in good health and free from any disease or physical impairment to the best of your knowledge and belief? Answer: Yes.
The answers to the above questions were false since plaintiff had been hospitalized four years and eight months before the application and had been treated regularly for chronic sinusitis. However, appellee had from 1968 to the time of his disability in 1973, performed the duties of his employment involving manual labor.
In Gay v. United Benefit Life Insurance Co., 233 La. 226, 96 So.2d 497 (1957), the Louisiana Supreme Court rendered its first decision interpreting Louisiana Revised Statutes 22:619(B)[1]. The court held that before an insurer can avoid liability under a policy of insurance on the ground of false statements in the application, the company must establish that the false statements were made with the actual intent to deceive and that the facts were material. The courts have consistently followed Gay and have held the disjunctive "or" is to be treated as the conjunctive "and" and to avoid liability both conditions (actual intent to deceive and materiality) must be shown to exist. Fruge v. Woodmen of the World Life Insurance Society, 170 So.2d 539 (La. App. 3d Cir., 1965); Knight v. Jefferson Standard Life Insurance Co., 205 So.2d 485 (La.App. 1st Cir., 1967); Reed v. American Casualty Company, 317 So.2d 648 (La.App. 1st Cir., 1975).
The trial judge concluded that, although the answers were false, defendant had failed to show the answers were made with the actual intent to deceive. We agree with this conclusion.
We find the trial court erred in awarding plaintiff penalties and attorney fees. At the time defendant denied plaintiff's claim it had received sufficient information about plaintiff's past medical history to put a reasonable and prudent business man on his guard that the answers to the questions in the application were inaccurate. See La.R.S. 22:657. Defendant was entitled to litigate the issues to determine whether the ailment which caused plaintiff's disability commenced before the effective date of the policy and whether the answers in the application were false and made with the intent to deceive.
That portion of the judgment awarding plaintiff penalties and attorney fees is reversed; in all other respects the judgment is affirmed at appellant's cost.
NOTES
[1] La.R.S. 22:619(B) provides:

In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.