367 So.2d 420 (1979)
William Lum MARTIN, Plaintiff-Appellant,
v.
SECURITY INDUSTRIAL INSURANCE CO., Defendant-Appellee.
No. 13762.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1979.
Rehearing Denied February 28, 1979.
Writ Refused April 23, 1979.
*421 Charles E. McConnell & Associates by S. David Holladay, Springhill, for plaintiff-appellant.
Drew, White, Drew & Drew by R. Harmon Drew, Minden, for defendant-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied February 28, 1979.
PRICE, Judge.
William Lum Martin appeals the trial court judgment rejecting his demands as beneficiary under a $1,000 life insurance policy issued by Security Industrial Insurance Company on June 1, 1976, to his son, Ira H. Martin, Sr., who died of a heart attack on January 25, 1977.
The issues presented on appeal are whether the insured's false representations on the insurance application with regard to his health bar recovery under La.R.S. 22:619(B) and secondly, if recovery is not precluded under that statute, does the "sound health" provision of the policy vitiate coverage in view of the insured's medical history.
The trial court denied recovery on finding that the false representations made in the application violated La.R.S. 22:619(B).
We find the evidence in the record is insufficient to show that defendant relied on these misrepresentations in issuing the policy, and that defendant has not borne the burden of proving the insured was not in sound health at the time of issuance; therefore, we reverse the judgment for the reasons assigned herein.
La.R.S. 22:619(B) provides:
In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer. [emphasis added]
In interpreting La.R.S. 22:619(B), the Louisiana Supreme Court has held that the disjunctive "or" is to be treated as the conjunctive "and" and to avoid liability on the *422 grounds of misrepresentation in the application, the insurer must meet a three-tiered burden. See Gay v. United Benefit Life Insurance Co., 233 La. 226, 96 So.2d 497 (1957). First, it must be shown that the statements were false. Second, the insurer must establish that the representations were made with an actual intent to deceive. Third, the insurance company must establish that these misstatements materially affected the risk assumed by the insurer. "Material" means that the statement must have been of the nature that, had it been true, the insurer either would not have contracted or would have contracted only at a higher premium rate. See La.C.C. Art. 1847(2); Goff v. Mutual L. Ins. Co., 131 La. 98, 59 So. 28 (1912); Trahan v. Security Life and Trust Company, 199 So.2d 617 (La.App. 3d Cir. 1967), see also Comment 22 La.L. Rev. 190, and Couch, Insurance 2d § 35:45 (1961). Therefore, for an insurer to avoid liability on the grounds of misrepresentation in a life insurance application, it must establish that false statements were made with an actual intent to deceive and that the facts were Material. Gay v. United Benefit Life Insurance Co., supra; Brown v. National Old Life Ins. Co., 345 So.2d 1023 (La.App. 2d Cir. 1977); Cloud v. Security General Life Ins. Co., 352 So.2d 406 (La. App. 3d Cir. 1977); Watson v. Life Insurance Company of La., 335 So.2d 518 (La. App. 1st Cir. 1976); Jordan v. Life General Security Insurance Company, 333 So.2d 732 (La.App. 4th Cir. 1976).
The evidence in the record consists solely of the policy of insurance, the application signed by the insured, and the insured's medical records which were introduced by stipulation.
The questions and answers asserted by the defendant as relieving it of liability are:
10. When last sick or consulted a doctor month, year, illness, disease, injury, etc.
ANSWER: None
Name and address of doctor.
ANSWER: None
11. Has proposed Insured ever had tuberculosis, asthma, any disease of lungs, apoplexy, paralysis, heart disease, high blood pressure, mental or nervous disorder, epilepsy, convulsions, syphilis, rheumatism, arthritis, rupture, disease of circulatory system, stomach, intestines, liver, gall bladder, prostate, or thyroid gland, sugar, albumin or blood in urine, diabetes, cancer, tumor, ulcer, impaired sight or hearing, any amputation, deformity, operation?
ANSWER: No
The medical records in evidence show that in 1972 the insured was hospitalized nineteen days in a Shreveport hospital suffering from an acute myocardial infarction coupled with a duodenal ulcer. In 1974 he spent eight days as an inpatient in the same Shreveport hospital and was diagnosed as suffering a "coronary insufficiency with anginal episodes, old myocardial infarction, and a duodenal ulcer." Therefore, clearly the insured made false statements on the life insurance application. We pretermit any discussion of whether there was an actual intent to deceive on the part of the insured because the record is void of any showing that these statements if answered truthfully were material to the acceptance of the risk or hazard assumed in insuring the deceased's life.
There is no testimony on behalf of the defendant that it would not have issued the policy had it known of the correct medical history, and we cannot make such an assumption solely on the basis of the medical records alone. To do so would subvert what jurisprudentially has been a strong burden of proof on insurers in escaping liability under La.R.S. 22:619(B).
We therefore find the trial court was in error in finding defendant was relieved of liability under the provisions of La.R.S. 22:619(B).
Defendant alternatively contends its policy never became effective because the insured was not in "sound health" on the date of issuance, June 1, 1976, as required by the terms of its policy which provides:
Effective DateThis policy shall take effect on the date of issue provided the insured is then alive and in sound health, but not otherwise. *423 Defendant contends that the insured's previous hospital confinement in 1972 and 1974 for a serious heart condition establishes that the insured was not in sound health at the time of the issuance of the policy on June 1, 1976, nor at any time thereafter prior to his date of death on January 25, 1977. Louisiana courts have recognized that sound health clauses in life insurance policies are not contrary to public policy and are enforceable. Shuff v. Life & Casualty Ins. Co., 164 La. 741, 114 So. 637 (1927); Pruitt v. Great Southern Life Ins. Co., 202 La. 527, 12 So.2d 261 (1943); Borer v. Security Industrial Life Insurance Co., 245 So.2d 5 (La.App. 1st Cir. 1971). Other cases hold such a provision clearly evinces an intention of the insurer to make the insured's sound health a condition precedent to the viability of the contract. Audubon Life Insurance Co. v. Lauzervich, 242 So.2d 589 (La.App. 1st Cir. 1970); Fournier v. Gulfco Life Insurance Co., 241 So.2d 287 (La.App. 1st Cir. 1970); Aucoin v. First National Life Insurance Company, 204 So.2d 703 (La.App. 3d Cir. 1967); and Matthews v. National Life and Accident Insur. Co., 88 So.2d 454 (La. App. 2d Cir. 1956).
The critical point in time in determining the state of the insured's health is the date of issuance, June 1, 1976, which is also the policy's effective date. Fournier v. Gulfco Life Insurance Co., supra; Aucoin v. First National Life Insurance Company, supra; and Butler v. Vulcan Life & Accident Insurance Co., 179 So.2d 642 (La.App. 2d Cir. 1965). Life insurance is in essence a contract whereby the insurer for a stipulated premium agrees to pay the insured a certain sum upon the happening of a given event, that event being the death of the insured under the ordinary life insurance contract. Therefore, the courts in rendering ineffective a life insurance contract on the basis of a "sound health" clause have required clear and convincing evidence that the insured was not in sound health on the effective date of the policy. In Audubon Life Insurance Co. v. Lauzervich, supra, the court rendered the policy ineffective because medical deposition testimony by the insured's attending physicians clearly indicated that an individual with subacute lymphatic leukemia could not be considered in "sound health." In Aucoin v. First National Life Insurance Company, supra, the very day the policy was issued the insured underwent a serious aorta transplant; the court rendered the policy ineffective suggesting that it can hardly be said that an individual convalescing from an operation of such magnitude and severity was enjoying sound health on the effective date of the policy. In Fournier v. Gulfco Life Insurance Co., supra, the plaintiff stipulated that her husband, the insured, was fatally ill on the date of issuance of the policy. In Matthews v. National Life and Accident Insur. Co., supra, this court rendered ineffective a life insurance policy under a "sound health" provision where admittedly the insured was not in sound health.[1]
In the cases summarized above which upheld the sound health provision and rendered the policy ineffective, there was either positive medical testimony as to the insured's condition of health on the date of issuance of the policy, or other evidence so strong that no other conclusion could be reached than the insured was in unsound health on that date.
Defendant in this case would have this court infer from the records showing medical treatment in 1972, 1974, and on the date of death, January 25, 1977, that he was not in sound health on June 1, 1976, when the policy was issued. This is not the degree of proof that should be required by an insurer seeking to invalidate a life insurance policy under such an elusive phrase as "in sound health."
The record of medical treatments in this case is too far removed from the date of *424 issuance of the policy on June 1, 1976, for this court to draw such an inference as is suggested by defendant in the absence of any medical testimony to evaluate the insured's condition as of that date. We therefore find that defendant has not borne the burden of proof required of an insurer to present clear and convincing proof of the insured's not being in sound health on the date of issuance of the policy.
Plaintiff has not reurged the claim for penalties and attorney fees in brief to this court. In any event the circumstances shown do not indicate that the failure of the insurer to pay the claim was arbitrary, capricious, or without probable cause as is necessary for an award of attorney fees under La.R.S. 22:658.
For the foregoing reasons the judgment of the trial court is reversed, and it is ordered that there be judgment in favor of William Lum Martin and against Security Industrial Insurance Company in the sum of $1,000, together with legal interest at the rate of 7 percent thereon from date of judicial demand until paid, and all costs of these proceedings including this appeal.
NOTES
[1] See contra Ducote v. Life Insurance Company of Louisiana, 245 So.2d 531 (La.App. 3d Cir. 1971) the court on the basis that the insured's physician pronounced him "fully recovered" from a recent heart attack and able to return to his normal farming activities, upheld the policy even though the insured was not in sound health at the time the policy was issued, and ruled benefits attached on the date he was pronounced fully recovered on February 3, 1970. The next day the insured suffered another heart seizure and died.