390 So.2d 248 (1980)
PETE ROY FORD, INC., Plaintiff and Appellee,
v.
Wilson J. LACHNEY, Executor of the Succession of Willie Lachney, Defendant and Third Party Plaintiff and Appellee,
v.
FIRST PROTECTIVE LIFE INSURANCE COMPANY, Third Party Defendant and Appellant.
No. 7670.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
Rehearing Denied December 1, 1980.
Thibaut & Thibaut, John S. Thibaut, Jr., Baton Rouge, for third party defendant and appellant.
Boatner & Luke, R. H. Luke, Bunkie, for plaintiff and appellee.
Edwin L. Lafargue, Marksville, for defendant and third party plaintiff and appellee.
Before CULPEPPER, DOMENGEAUX and CUTRER, JJ.
*249 CULPEPPER, Judge.
Pete Roy Ford, Inc. sues Wilson J. Lachney, as executor of the succession of his father, Willie Lachney, to enforce a chattel mortgage on an automobile. Defendant admitted the balance of $7,259.92 past due on the mortgage. He made a third party demand against First Protective Life Insurance Company, credit life insurer of Willie Lachney. The trial court granted plaintiff's principal demand against defendant for $7,259.92 principal and interest due on the note, plus 12% interest until paid, delinquency charges, expenses of collection and 25% attorney's fees. Judgment was rendered in favor of the defendant, third party plaintiff, against the third party defendant for the same amount. The third party defendant appealed. We amend and affirm.
The principal issue is whether the decedent, Willie Lachney, falsely misrepresented the state of his health in the application for credit life insurance. There is also an issue as to the amount due under the policy.
On May 11, 1978, Willie Lachney purchased an automobile from Pete Roy Ford, Inc. for $8,206.02. The obligation in favor of the plaintiff was secured by a chattel mortgage on the vehicle. As part of the transaction, Willie Lachney purchased a credit life insurance policy in the amount of $8,206 from the third party defendant.
Mr. Lachney died on September 23, 1978, 135 days after the purchase of the automobile. The death was caused by a myocardial infarction. At the time of death, the balance of principal and interest due on the purchase price of the vehicle was $7,259.92. After Mr. Lachney's death, demand was made by Pete Roy Ford on the appellant on October 10, 1978 for insurance proceeds in the sum of $7,259.92. The company denied liability on the grounds that the deceased made fraudulent misrepresentations about the state of his health.
The first allegation of error is that the trial court erred in not finding that the deceased's application for insurance included a material misrepresentation of his physical condition sufficient to nullify the policy. The misrepresentation alleged is that Mr. Lachney failed to disclose that he had been treated for heart and circulatory diseases. In written reasons, the trial court held:
"A material false statement in an application will invalidate an insurance policy only if the applicant knew it was material and knew it was incorrect. Even if the applicant had a heart disease of which he had knowledge, it is a question of fact as to whether the applicant misrepresented the state of his health by failing to state in the application blank that he had heart disease. By failing to write anything in the blank provided for listing diseases, the applicant made no representation at all. There is no mandatory duty on the party of an applicant to fill in the blanks in an application and there is no inference to be drawn from his failure to do so. On the contrary if the insurer intends to rely on the information (sic) called for in the blanks provided, it is its duty to make sure that the blanks are filled in properly; otherwise, the information called for is waived. Also a question of fact is whether the applicant intentionally concealed his condition knowing it to be material to the risk for the purpose of defrauding the insurer. Willie Lachney could not read, write or hold an intelligent conversation in English; he had suffered a myocardial infarction in 1974; and he had periodic checkups and took some medicine for several years thereafter. Dr. Bordelon, who was the insurer's witness, testified that Willie Lachney's understanding was such that if you told him he suffered a myocardial infarction, he would not know what you were talking about.
"In this claim, insured's estate seeks to recover for the death of the insured who had left the space blank and had not stated in the application form that he had a history of heart trouble. However, the evidence adduced in this trial on August 28, 1979, does not support a finding that insured had made false representation about his health or that he had actual intent to deceive insurer."
The law controlling this issue is LSA-R.S. 22:619(B) which states:

*250 "In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer." (Emphasis added)
This statute, as interpreted by our courts, places a triple burden on the insurer to avoid liability on the basis of a material misrepresentation. First, it must prove that the statements were false. Second, the insurer must establish that the representations were made with an actual intent to deceive. Third, the insurance company must establish that these misstatements materially affected the risk assumed by the insurer. Martin v. Security Industrial Insurance Company, 367 So.2d 420 (La.App. 2d Cir. 1979).
The trial court made a factual determination that Mr. Lachney did not knowingly misrepresent the state of his health for the purpose of deceiving the insurer. We cannot say the trial court was clearly wrong in these factual determinations. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1979).
The next issue is whether the trial court erred in holding the third party defendant liable for the delinquency charges, collection costs, interest after maturity, 25% attorney's fees, etc. provided in the chattel mortgage. The third party defendant argues that if it is cast in judgment, it is liable, under the provisions of its policy, for only the amount due the creditor at the time of death. We agree. The policy clearly so provides. The evidence shows the actual amount due the creditor at the time of death was $7,259.92.
The third party plaintiff argues in brief that the benefits should be the face amount of the policy, i. e., $8,206. However, third party plaintiff has neither appealed nor answered the appeal, so we cannot change the judgment in its favor, LSA-C.C.P. Article 2133.
Under the facts set forth above, we affirm the trial court finding of fact that the third party defendant denied payment to the third party plaintiff without just cause. Thus, a 6% penalty is due under LSA-R.S. 22:656. However, no attorney's fees are provided by that statute. See Willis v. Willis, 287 So.2d 642 (La.App. 3rd Cir. 1973).
For the reasons assigned, the judgment in favor of plaintiff against defendant on the principal demand is affirmed. The judgment in favor of third party plaintiff and against third party defendant is amended to decrease the award to the sum of $7,259.92, plus a penalty of 6% from October 10, 1978, the date of receipt of proof of decedent's death, until paid, and plus legal interest from April 16, 1979, the date of filing the third party demand, until paid. All costs are assessed against third party defendant.
AFFIRMED, AS AMENDED.