KLEES, Judge.
Plaintiff appeals from a judgment dismissing their suit seeking a declaratory judgment on whether a policy of insurance issued to defendant should be declared null and void.
The issue presented to this court was did the trial court err in finding that defendant did not make fraudulent or misleading statements in his application for insurance, and if so, would the company had issued the policy if they had known the statements were false or misleading.
The trial court found that the plaintiffs failed to meet the burden of proof and dismissed the suit, we agree.
In his application for life insurance defendant was asked the following question:
“Have you ever been treated for or ever had any known indication of chest pain or any type of chest discomfort or distress, rapid or irregular heart action, high blood pressure, rheumatic fever, heart murmer, heart attack, or disorders of the heart or blood vessels.”
He answered no to this question. At trial it was brought out that defendant’s treating physician Dr. Epps elicited that defendant did make a complaint to him regarding chest pains. Defendant was given various medical tests, including an EKG interpreted by someone else as “definite evidence of myocardial disease”, but Dr. Epps concluded there was no heart condition, that defendant was overweight and should lose weight.
Plaintiffs also brought out at trial that defendant was arrested by the New Orleans Police Department and stated to them that he had a heart condition. The trial court after considerations rejected this argument by stating that arrested subjects often make this statement to avoid possible rough treatment by the police.
The basic law covering this matter stems from the Louisiana Insurance Code La.R.S. 22:619.
§ 619. Warranties and misrepresentation in negotiation; application.
A. Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made *1252 with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.
Martin v. Security Industrial Insurance Co., 367 So.2d 420 (La.App. 2nd Cir. 1979) Writ Denied 369 So.2d 1364 (1979) summarized the jurisprudence interpreting R.S. 22:619 as follows:
“In interpreting La.R.S. 22:619(B), the Louisiana Supreme Court has held that the disjunctive ‘or’ is to be treated as the conjunctive ‘and’ and to avoid liability on the grounds of misrepresentation in the application, the insurer must meet a three-tiered burden. See Gay v. United Benefit Life Insurance Co., 233 La. 226, 96 So.2d 497 (1957). First, it must be shown that the statements were false. Second, the insurer must establish that the representations were made with an actual intent to deceive. Third, the insurance company must establish that these misstatements materially affected the risk assumed by the insurer. ‘Material’ means that the statement must have been or the nature that, had it been true, the insurer either would not have contracted or would have contracted only at a higher premium rate. See La.C.C.Art. 1847(2); Goff v. Mutual Life Insurance Co., 131 La. 98, 59 So. 28 (1912); Trahan v. Security Life and Trust Company, 199 So.2d 617 (La.App. 3rd Cir. 1967), see also comment 22 La.L.Rev. 190, and Couch, Insurance 2d § 35:45 (1961). Therefore for an insurer to. avoid liability on the grounds of misrepresentation in a life insurance application, it must establish that false statements were made with an actual intent to deceive and that the facts were material. Gay v. United Benefit Life Insurance Co., supra; Brown v. National Old Life Ins. Co., 345 So.2d 1023 (La.App. 2nd Cir. 1977); Cloud v. Security General Life Ins. Co., 352 So.2d 406 (La.App. 3rd Cir. 1977); Watson v. Life Insurance Company of La., 355 So.2d 518 (La.App. 1st Cir. 1976); Jordan v. Life General Security Insurance Company, 333 So.2d 732 (La.App. 4th Cir. 1976).”
Here the plaintiffs were faced with the burden of proving that false statements were made to them with the actual intent to deceive and that the facts were material.
The trial court supported by the medical testimony obviously felt that defendant did not have a heart condition and did not intend to deceive the plaintiffs in his application.
We see no abuse of discretion by the trial court and accordingly affirm.
AFFIRMED.